No. 14,136,

## CHAPLIN ET AL. *v.* BAKER.

PRINCIPAL AND SURETY.—*Cross-Complaint.—Sufficiency of.—Statute.*—In an action upon a note and to foreclose a mortgage executed to secure it, a cross-complaint which alleges that the defendant executed the note and mortgage as the surety of the co-defendant and demands that the interest of the co-defendant be first sold before the sale of any of the property of the cross-complainant, is good under section 1212. R. S. 1881, relating to the rights of sureties.

SAME.—*Assumption of Liability by Surety.*—An answer to such cross-complaint which alleges that the cross-complainant agreed with the plaintiff and his co-defendant to pay and satisfy the note and mortgage, is good.

SAME.—*Parol Negotiations.—Merger.*—Where a contract has finally been reduced to writing, all previous parol negotiations are merged in the written contract. Where therefore land has been conveyed by warranty deed, a prior parol agreement to satisfy an encumbrance upon the land is ineffectual for any purpose as an agreement.

SAME.—*Pleading.—Departure.*—In an action upon a promissory note where one of the defendants, a married woman, alleges her suretyship, a reply which attempts to show a liability upon a subsequent undertaking is a departure, and is bad.

SAME.—*Change of Relative Position.*—Where a surety for a valuable consideration agrees with the principal to pay the joint indebtedness, he thereby becomes the principal and the principal becomes his surety.

ESTOPPEL.— *Who May Take Advantage of.*—One who insists upon the acts of another as working an estoppel, must show that he acted upon the same and was influenced thereby to do some act which would result in an injury if the other is permitted to gainsay or deny the truth of what he did.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*W. A. Kittinger, L. M. Schwinn* and *E. B. Mahon,* for appellee.

BERKSHIRE, C. J.—This was an action upon a note, and to foreclose a mortgage.

The complaint alleges that the appellants, John Chaplin, Frank Gillett, and Caroline Gillett, on the 23d day of July,

1884, executed their joint and several promissory note to the appellee for the sum of $376, and to secure the same the said appellants on the same day executed a mortgage on the real estate therein described; that there remains due and unpaid on the note the sum of $210, and attorney's fees; that after the execution of said mortgage, one Emma Sullivan, who is made a party defendant, became the owner of said real estate.

Judgment is demanded for the amount due on the note against the said makers thereof, and against all of the appellants for a foreclosure of the mortgage.

The appellants Chaplin and Frank Gillett filed a joint answer, in two paragraphs, the general denial and a plea of payment.

The appellant Caroline Gillett filed a separate answer, in two paragraphs, the general denial, and a paragraph, in substance, that when she executed the note and mortgage she was a married woman, and that she executed said instruments as surety for the appellants Chaplin and Frank Gillett, and that the undivided interest in said land which she and her husband mortgaged to secure said note was her separate property. To this paragraph of answer the appellee filed a demurrer, which was overruled, and he saved an exception.

To the second paragraph of the answer of Chaplin and Frank Gillett, the appellee filed a reply in general denial, and to the second paragraph of the answer of the appellant Caroline Gillett, the appellee filed a reply in three paragraphs, the first of which was a general denial.

The second paragraph was, in substance, as follows: That for a valuable consideration paid to her by her co-appellant Chaplin, after the execution of said note and mortgage, she promised and agreed with the appellee, and with her said co-appellant, to pay and satisfy said note and mortgage.

The third paragraph is, in substance, that after the execution of said note and mortgage, the said Caroline Gillett sold

and conveyed her interest in the mortgaged premises for the sum of $600 to Emma Sullivan, and executed to her a warranty deed therefor; that to induce said Emma Sullivan to purchase said interest in the said real estate the said appellant promised and agreed to pay off and satisfy said note and mortgage, and that said Emma Sullivan was induced by said promise and agreement to purchase said real estate.

To the said second and third paragraphs of reply the said appellant filed demurrers, which were overruled by the court, and she excepted.

The appellants Gillett filed separate cross-complaints, to which the appellee demurred, and the court having overruled the demurrers, the appellee reserved proper exceptions.

We do not care to notice the questions arising on the demurrers to the cross-complaint (and to the answers that were filed thereto) of the said co-appellant, Caroline Gillett, as the same questions are presented by the demurrers to her answer to the complaint and to the replies to said answers. The cross-complaint of the appellant Frank Gillett avers that he and his co-appellant Caroline Gillett were, when said mortgage was executed, husband and wife, and then alleges the execution of the said note and mortgage by her as surety, and that the real estate mortgaged by them was her individual property, and that their co-appellant, Chaplin, owned the undivided one-half of it, and that he sold and conveyed his undivided half thereof to Emma Sullivan, and as a part of the consideration she assumed and agreed to pay and satisfy said note and mortgage, and save the appellants harmless because thereof; that the said appellant executed the note and mortgage as the surety of the said Chaplin, and demanded that the said interest conveyed by the said Chaplin to the said Emma Sullivan be first sold before selling any property of the said appellant Frank Gillett.

To this cross-complaint the said appellant Chaplin and the said Emma Sullivan, were made defendants.

We are of the opinion that this cross-complaint was good,

and the demurrer thereto properly overruled, not because of the averments of suretyship and coverture on the part of the wife of the said cross-complainant, but because of the relation of principal and surety between Chaplin and himself which is averred.    Section 1212, R. S. 1881.

The appellee filed an answer, in three paragraphs, to this cross-complaint, the first being the general denial; the second, that the said Frank Gillett agreed with the appellee and the said appellant Chaplin, for a valuable consideration, to pay and satisfy said note and mortgage.

The third paragraph was, in effect, the same as the third paragraph of the reply to the separate answers of the appellant Caroline Gillett to the complaint.

To the said second and third paragraphs of answer the said cross-complainant filed demurrers.

We are of opinion that the second paragraph of the answer was good, and that the demurrer thereto was properly overruled.

Chaplin and the said cross-complainant were both liable upon the note, and by a parol agreement for a valuable consideration the relative positions of the parties, as between themselves, might be changed ; if one of them was principal and the other surety, and for a valuable consideration the surety agreed with the principal to pay the joint indebtedness, he thereby became the principal, and the principal became his surety.    *Sefton* v. *Hargett,* 113 Ind. 592.

As both were already bound to pay the note to the holder thereof, in no possible view of the case can it be said that the agreement was within the statute of frauds.

We need not consider separately the questions which arise upon the demurrer to the third paragraph of the answer to the said cross-complaint, as they are the same as those which arise upon the demurrer to the third paragraph of the reply to the answer of the appellant Caroline Gillett to the complaint.

The second paragraph of the answer of the appellant Car-

oline Gillett to the complaint was clearly good, and as her cross-complaint alleged the same facts, it was also good; indeed, the sufficiency of these pleadings is not seriously questioned.

In our judgment the second and third paragraphs of the reply to the second paragraph of the answer of said appellant to the complaint are each bad.

Error is not assigned as to the ruling of the court in overruling the demurrer to the second paragraph of reply, but in considering the evidence as applicable to the pleading upon the alleged error of the court in overruling the motion for a new trial, the same question is presented, therefore we consider the sufficiency of the pleading.

It is not necessary for us to determine whether or not the agreement alleged in the said second paragraph of reply is within the statute of frauds; conceding, for all the purposes of this case, that it is not within the statute, the paragraph is bad.

The action is not on the original undertaking (and such the agreement must be if not within the statute), but upon the note and mortgage. In no event did the said appellant become liable on the note, and therefore the reply is a departure.

The action is on the note and the facts alleged in the answer disclose a void obligation as to the appellant, and in reply the appellee says to the appellant, but notwithstanding you are not liable upon the note you are liable upon an after-undertaking.

The third paragraph of the reply is bad for several reasons.

The parol agreement therein pleaded was anterior to the execution of the conveyance to Emma Sullivan, and is, therefore, ineffectual for any purpose as an agreement.

It is as well settled by the decisions of this court as a question can be settled, that when parties have finally reduced their contract to writing, all previous negotiations rest-

ing in parol are merged into the written contract, and that it alone must be looked to to ascertain the legal rights of the parties.

The appellant conveyed the land to Mrs. Sullivan by warranty deed, and if her title failed, or if to protect her title she was compelled to satisfy an existing encumbrance on the land, she must look to the covenants of warranty for reimbursement, and not to the previous parol agreement. But the contention is that the parol agreement worked an estoppel.

The only interest, so far as shown, which Mrs. Sullivan had in having the encumbrance removed was that her land might be relieved therefrom, and if the parol contract could have been enforced she was not in a condition to enforce it until compelled to pay off the indebtedness, or in some other way damaged because of the appellant's failure to remove the encumbrance, and her rights were exactly the same by virtue of the covenants in her deed. But suppose it be conceded that, if this were an action between Mrs. Sullivan and the appellant, the appellant would be estopped from **pleading** coverture and suretyship because of the inducement held out by the agreement to Mrs. Sullivan to purchase the real estate, we are at a loss to know upon what principle the appellee can claim the benefit thereof. He in no way changed his position in consequence of the promise and inducement made and held out to Mrs. Sullivan. In *Simpson* v. *Pearson*, 31 Ind. 1, this court said: " But one who insists upon the acts of another as working an estoppel must show that he acted upon the same, and was influenced thereby to do some act which would result in an injury if that other is permitted to gainsay or deny the truth of what he did. For it is a well settled rule in such cases, that no man can set up another's act or declaration as the ground of an estoppel, unless he has himself been misled or deceived by such act or declaration." See *Cook* v. *Walling*, 117 Ind. 9 ; *Blodgett* v. *Perry*, 97 Mo. 263.

We are of the opinion that the court erred in overruling the demurrers to the said second and third paragraphs of reply and to the third paragraph of the answer of the appellee to the cross-complaint of the appellant Frank Gillett, and to the second and third paragraph of answer to the cross-complaint of the appellant Caroline Gillett.

There are some other questions presented which we do not pass upon, as they will not likely arise again.

Judgment reversed, with costs.

Filed April 2, 1890; petition for a rehearing overruled June 19, 1890.