Filed March 30, 1892.

---

No. 290.

## McFADDEN v. SCHROEDER.

CONVERSION.—*Bailor and Bailee.*—*Answer of Confession and Avoidance.*—*Sufficiency of.*—In an action to recover damages for an alleged wrongful conversion of goods left with the defendant as bailee, the complaint alleged that the plaintiff deposited with the defendant certain described personal property for safe keeping; that the defendant accepted the same for a consideration, and agreed to care for it, and return it to the plaintiff on demand; that he kept it so negligently that most of it was lost

McFadden v. Schroeder.

to the plaintiff, and that the defendant wrongfully converted the property to his own use. To the complaint the defendant filed an answer, alleging that if any of the goods mentioned in the complaint were deposited with him by the plaintiff, they were so deposited by the plaintiff as the administrator of an estate without any authority, express or implied, from the defendant; that thereafter the plaintiff was removed as such administrator, and another appointed in his stead; that the plaintiff's successor in said trust notified the defendant of his appointment, and took possession and control of the goods mentioned in the complaint as administrator, and inventoried the same as a part of the estate; that said property was offered for sale by the administrator at private sale, by order of the court, and purchased by the defendant at its full appraised value, and the cash paid by him for the same; that said sale was in all things approved by the court; that the defendant never had the possession or control of said property by agreement or otherwise until after said purchase by him from said administrator, and that the plaintiff never was the owner of said goods, either legally or equitably, and never did have or hold any interest or claim in and to said goods in any other capacity than as administrator.

*Held*, that the answer was good as a plea of confession and avoidance.

SAME.—*Reply.*—*Title by Relation.*—*Replevin.*—A reply to said answer was good which admitted the material averments of the same, but alleged that the property described in the complaint was in the possession of certain parties, and, believing in good faith that it belonged to the estate of his decedent instituted two replevin suits for the same; that the title to said property was determined to be in the defendants to said actions, and judgments of return were awarded; that upon appeal to the Supreme Court one of said judgments was affirmed, the other cause not having been appealed; that by reason of the conversion of the property by the defendant to the action at bar, he was not able to return the same to the adjudged owners; that they instituted suits against him and his sureties on the bonds and undertakings in said replevin suits, and recovered judgment against him and his sureties for the full value of said goods, with all costs, which judgments were afterwards paid by him out of his own property, and that he thereby became the owner of said goods, and that the defendant purchased said property with a full knowledge of all of said facts. Under the averments of the reply, the title to the property became vested in the plaintiff individually, and not in the estate of which he was administrator. It became a title by relation, and dated back to the conversion by defendant.

SAME.—*Departure in Pleading.*—The reply, in admitting that the property was nominally held by the plaintiff as administrator, but that in fact the estate for which he was then acting in such capacity was not the owner thereof, but other parties were the real owners, and through

them he became the owner of the property by relation, was not a departure from the averments of the complaint. *Chaplin* v. *Baker*, 124 Ind. 385, distinguished.

SAME.—*Defendant Must Stand by His Answer.—Title Through Third Party.— Conclusiveness of Judgment upon Parties and Privies.*—The defendant having claimed title through the estate mentioned in his answer, can not insist that some third party might have owned the property, who had not been barred by the replevin proceedings, and that he might have derived title through such third party. The estate was a party to both of the actions in replevin, and bound by them, and the defendant being the privy of said estate, was also bound by them.

REPLEVIN.—*Judgment for Return of Property.—Dismissal of Action by Plaintiff.*—A judgment in replevin for the return of the property is none the less binding between the parties because the action was dismissed by the plaintiff. The dismissal was a practical confession by the plaintiff that he had no claim to the property.

SAME.—*Judgment for Value of Property.—Payment of.—Title to Property in whom Vested.—Judgment on Replevin Bond.*—As a general rule, where the value of the property in dispute is fixed by the verdict of the jury or finding of the court, and a judgment is rendered for the amount of such value, and the judgment is paid, the title to the property becomes vested in the party against whom the judgment was rendered. If the owner elect to take a judgment on the replevin bond and collect it, he has thereby abandoned his right to the property, and the title passes as fully as if it had been transferred by purchase.

PRACTICE.—*Argumentative Denial.—Demurrer.—Motion to Strike Out.*—Argumentativeness in a pleading is not a cause for demurrer. It goes to a defect of form, merely, and not of substance. The proper practice is to move to strike it out, but even then, as the ruling upon it can not affect its merits, it will not be considered upon appeal.

SAME.—*Reply.—Demurrer.—General Denial.*—It is error to sustain a demurrer to a paragraph of reply when it can not be presumed that the court admitted, under the general denial, that which would have been competent only under the special reply.

TITLE.—*By Relation.—Innocent Purchaser.*—The doctrine of title by relation is never given force when an unconscionable result would follow, and is given force only when no intervening rights of innocent purchasers are impaired.

From the Shelby Circuit Court.

*J. B. McFadden, T. B. Adams, J. T. Carter* and *J. H. Phillipy,* for appellant.

*A. F. Wray, D. L. Wilson* and *E. P. Ferris,* for appellee.

REINHARD, J.—Action by McFadden against Schroeder for damages for an alleged wrongful conversion of McFadden's goods left with Schroeder as bailee.

The complaint is in five paragraphs. The appellee demurred separately to each paragraph. The demurrer was overruled as to the first, second, fourth and fifth, and sustained to the third. The appellee answered in four paragraphs. The second paragraph was stricken out. A demurrer to the third and fourth paragraphs of the answer was overruled. The appellant then filed a reply, which, by subsequent amendment, was made to consist of three paragraphs. A demurrer was sustained to the second and third paragraphs, as amended. The cause was then submitted for trial to the court, who, at the request of the appellant, made a special finding of the facts and conclusions of law thereon and upon these rendered judgment for costs against the appellant.

We are asked to reverse the judgment on account of the sustaining of the demurrer to the third paragraph of the complaint. We have examined each paragraph carefully, and are of the opinion that, even if this one is sufficient, the appellant was not harmed by the ruling, for the same facts were admissible under the other paragraphs. Works Pr. and Pl., section 573.

We pass to the second specification of error, which is the overruling of the appellant's demurrer to the third and fourth paragraphs of the answer.

In order to perceive the application of the averments of the answer to those of the complaint, it will be proper to have before us the substance of the different paragraphs of the complaint to which these paragraphs of the answer are addressed.

The first paragraph avers that the appellant deposited with the appellee certain described personal property for safe-keeping, and that the appellee accepted the same for a consideration and agreed to care for it and return it to the ap-

pellant on demand, but that he converted the property to his own use, to the damage of the appellant.

The second paragraph differs from the first only in alleging, besides the facts contained in the first paragraph, that of a demand and refusal, and also that while the appellee had possession of the property, as the bailee of the appellant, he kept it with such poor care and negligence that most of it was lost to the appellant.

The fourth paragraph is substantially like the second, but contains the additional averment of a wrongful conversion.

The fifth paragraph is in all essentials like the fourth.

Of the four paragraphs of the answer the first contained the general denial. The second was stricken out by the court.

The third paragraph is as follows: " The defendant says that if the plaintiff ever deposited any of the goods mentioned in his complaint or any other goods with him or in his cellar it was done and said goods were so left in his cellar by plaintiff as the administrator of the estate of Joseph Nichols, deceased, and defendant says that the only goods that were ever left and deposited in his cellar and with him by plaintiff as the administrator of said Joseph Nichols' estate were the following:" (Enumerating them.) " That said goods were placed in his cellar under his business house on Harrison street by plaintiff, as the administrator of one Joseph Nichols, deceased, without any authority, express or implied, from defendant whatever; and defendant says that after placing said goods in his cellar, as aforesaid, by plaintiff, and on the —— day of 188–, one John B. Stump and others commenced a certain action in the Shelby Circuit Court by filing a complaint and ,motion to have the said McFadden, this plaintiff, removed as the administrator of the said estate of Joseph Nichols, deceased; that the issues were made and such proceedings had in this cause that on the —— day of ——, the court, after hearing the evidence in said cause, ordered that said McFadden be removed as such administrator

of said estate, and said order and judgment of the court re-
moving said McFadden was by him appealed from, to the
Supreme Court of Indiana, and afterwards, to wit, on the
—— day of ——, 1884, the judgment of the court below
removing said McFadden as such administrator was in all
things affirmed by said Supreme Court of Indiana. And
defendant says that thereafter, to wit, March 6, 1884, the
judge of the Shelby Circuit Court duly appointed one David
L. Wilson administrator of said Joseph Nichols' estate, and
said Wilson duly qualified and took upon himself the admin-
istration of said estate; that said Wilson immediately notified
said Schroeder of his said appointment, and took possession
and control of said goods as such administrator, and on the
7th day of March, 1884, filed in the office of the clerk of
the Shelby Circuit Court, the court having jurisdiction of
said estate, an inventory of the property of said Nichols, de-
ceased, placed in defendant's cellar by plaintiff, as aforesaid,
as the property of said Nichols, deceased, and being the prop-
erty specifically described and set out above in this an-
swer. And defendant further says that on the 8th day of
March, 1884, said Wilson, as such administrator, filed in
said circuit court his petition to sell the property of
Joseph Nichols, deceased, being the property herein above
described, at private sale, without notice, and on the same
day said property was sold by said Wilson and bought by
this defendant at its full appraised value, and defendant says
he paid the cash therefor, and said Wilson on the same day
reported said sale of said property to the Shelby Circuit
Court, being the court in which said estate was pending, and
said sale was in all things approved and confirmed by the
court. And defendant says the same property for which
plaintiff is asking damages for the conversion of the same,
in his complaint herein, is the identical property purchased
by him from said administrator, Wilson; and that the same
nor any part thereof was never in his possession or control,
by agreement or otherwise, until after said purchase of said

.property by him from said administrator Wilson, as aforesaid; that the said McFadden, plaintiff herein, is not now and never was the owner of said goods, either legally or equitably, and has not now and never did have or hold any interest or claim in and to said goods in any other capacity than as the administrator of Joseph Nichols, deceased. Wherefore," etc.

One of the objections that the appellant points out to this paragraph is that it is an argumentative denial. Argumentativeness, however, is not a cause for demurrer. It goes to a defect of form merely, and not of substance. The proper practice is to move to strike it out, but even then, as the ruling upon it can not affect the merits, it will not be considered on appeal. 1 Works Pr. and Pl., section 502; *Sohn* v. *Jervis*, 101 Ind. 578; *Leary* v. *Moran*, 106 Ind. 560; *Mays* v. *Hedges*, 79 Ind. 288.

We regard this paragraph as sufficient by way of an answer of confession and avoidance. Bliss Code Pl., section 341; *Cooper* v. *Smith*, 119 Ind. 313; *Bottenberg* v. *Nixon*, 97 Ind. 106.

The fourth paragraph, as we have seen, is substantially like the third. The court correctly overruled the demurrer to each.

The appellant challenges the correctness of the court's ruling in sustaining the demurrers of the appellee to the second and third paragraphs of the amended reply.

The substance of the second paragraph is as follows:

It admits the material averments contained in the third and fourth paragraphs of the answer, but says that while he was still the administrator of said estate, the property described in the complaint came into his possession in the following manner: That a portion of it, which he describes, was in the possession of James R. Ross and John B. Stump, and another portion named was in the possession of Emil Fritz and others, and all of said property was claimed by those parties as their own, and, believing in good faith that

said property belonged to the estate of his decedent, he· brought two replevin suits for the same in the Shelby Circuit Court, and that upon issues duly formed and trial of said causes the court determined that the title to said property was in the defendants to said suits, and awarded judgments of return of the property, and that upon appeal to the Supreme Court at least one of said judgments was affirmed, the other cause not having been appealed; that by reason of the conversion of said property by the appellee he was not able to return the same to the adjudged owners thereof, and that, therefore, those parties instituted suits against him and his sureties on the bonds and undertakings which he had executed in said replevin suits, and recovered judgments against him and his sureties for the full value of said goods, together with all costs, which judgments were afterwards paid by him out of his own property, and that he thereby became the owner of said goods. He further says that the appellee was fully acquainted with and had knowledge at the time of all the facts and proceedings referred to and of the payment by him of said judgments, etc.

Was this paragraph of the reply sufficient to withstand the attack by demurrer?

It must be assumed that the title to the goods in controversy was fully litigated in the actions of replevin; that the litigation was in good faith, and that the decision of the court was a conclusive adjudication of the title to the property. McFadden v. Fritz, 110 Ind. 1.

The question then arises, what became of the legal title to the property after the adjudged owners abandoned it and pursued their remedy on the bond? For it can not be true that after these parties obtained judgments on the replevin bonds, and the payment of those judgments, they still retained the title to the property, as that would give them double payment for the same thing, or a double redress for the same wrong. But the title to the goods must have re-

mained somewhere during the time after the goods were deposited with appellee and before the bringing of this action.

As a general rule, where the value of the property in dispute is fixed by the verdict of the jury or finding of the court, and a judgment is rendered for the amount of such value, and the judgment is paid, the title to the property becomes vested in the party against whom the judgment was rendered, for if the owner elect to take a judgment on the replevin bond, and collects it, he has thereby abandoned his right to the property, and the title passes as fully as if it had been transferred by purchase. Cobbey Repl., section 1174; 1 Hilliard Torts, section 40; Cooley Torts, sections 458-9; *Houston* v. *Bibb*, 5 Jones L. (N. C.) 83; 2 Kent, 388; Wells Repl., section 779.

Some of the earlier cases go to the extent that the judgment itself transfers the title, whether it be paid or not. *Adams* v. *Broughten*, Andrews (K. B.) 18 (2 Strange (K. B.) 1078); *Brown* v. *Wootton*, 4 Croke (K. B.) 73.

But the present rule in England and the United States seems to be that it is not the judgment alone that vests the title, but that there must also be a satisfaction of the judgment. Cooley Torts, section 458-9.

The appellee's counsel fully concede that this is the law, but contend that by the operation of this rule the property became vested, not in McFadden individually, but in the estate of which he was administrator.

There is no pretence that the estate paid the judgment, or any portion thereof. The averments are that the judgment was against McFadden, individually, and against his sureties on the replevin bond, and that McFadden individually paid the judgment afterwards. This being true, we can not understand by what rule of law or equity the title to the property fell to the estate. In reality, the estate never had the title. After it was abandoned by Fritz and the other owners, it became vested conditionally, either in the estate or in McFadden. Had the estate's money paid the judgment, its title

to the property would have become absolute, and so we think when McFadden paid the judgment, the title to the same became perfect in him.   It became a title by relation, and dates back to the conversion by McFadden.   Cooley Torts, sections 658–9.

This doctrine of relation is sought to be invoked here by both parties, by McFadden individually, and the appellee, through the estate of Nichols.   But this doctrine is never given force when an unconscionable result would follow therefrom.   *Felton* v. *Smith*, 84 Ind. 485.   And it is given force only when no intervening rights of innocent purchasers are impaired.   *German, etc., Ins. Co.* v. *Grim*, 32 Ind. 249.

The appellee, if the averments of this paragraph of reply are true, can not be regarded as an innocent purchaser, for it is alleged that he was the cause of the appellant's failure to turn over the property to Fritz *et al.*, and that he had full notice of all the facts which secure to the appellant the title to the property, if he has any title.   He stands in the shoes of the estate from which he claims he purchased, and can take no greater rights than it had.   But it would be unconscionable to give force to the fiction of relation in favor of the estate, for it had paid nothing for the property.   Hence that doctrine could not be invoked either in favor of the estate or of the appellee who claims through it.

The appellant, it is claimed by appellee's counsel, was but a surety for the estate of his intestate when he paid the penalty of the undertaking in the replevin suit.   It seems to us if this is so he succeeds to any rights which the estate might have had, by payment of the judgment, through subrogation, and subrogation is allowed when necessary to the ends of justice.

Nor can the fact that the judgment was not paid until long after the conversion of the property by the appellee be of any benefit to him.   When he purchased the goods of Wilson, the administrator *de bonis non*, he knew the facts, and must be held to know their legal consequences.   He

knew, in other words, that McFadden and his sureties were liable on the bond, and that whenever it went into a judgment and was paid, it would be the absolute property of McFadden. He knew furthermore that the court had already determined that Nichols' estate had no title to the property, and that it had acquired none by any subsequent act of the administrator or of the court, and that Wilson, as administrator, when he offered it for sale, had no title to it whatever. Hence he purchased it at his own peril.

We therefore think the facts in this paragraph sufficient as a reply.

The appellee contends, however, that if there was error in sustaining the demurrer to this paragraph, it was harmless, as the same facts could have been proved, and were in fact proved, under the general denial. In this view we can not concur.

The paragraph does not merely tend to negative or explain the averments of the answer, but it sets up a theory which is altogether inconsistent with it, and pleads new matter in avoidance, which was not admissible under the general denial. The appellant had a right to plead these facts and take the opinion of the court upon them, and it can not be presumed that the court admitted under the general denial that which would have been competent only under a special reply. The appellee was not bound to offer evidence such as would have been admissible only under the special reply. He effectually preserved his rights by excepting to the ruling upon the demurrer. Nor did the special finding cure the error. *New* v. *Walker*, 108 Ind. 365.

The court should have overruled the demurrer to this paragraph of the reply.

Had the court overruled the demurrer to either this or the third paragraph of the reply and sustained it as to the other, then it would not have been reversible error, as there would then still have been one good paragraph of the reply under which the appellant could have introduced his evi-

dence. Here, however, as we have seen, the court sustained the demurrer to both paragraphs. This was error.

We need not notice the remaining specifications of error, as the case must necessarily be reversed, and the questions will probably not arise again.

Judgment reversed, with instructions to the court below to overrule the demurrer to the third paragraph of the reply, and for further proceedings in harmony with this opinion.

Filed January 6, 1892.

## ON PETITION FOR A REHEARING.

REINHARD, J.—The appellee files a petition for a rehearing, and his counsel have re-enforced it with a vigorous brief. Their contention is that the reply is a departure from the facts pleaded in the complaint, and seeks to make the appellee liable upon a theory entirely different from that disclosed in the same. In this view of counsel we can not concur.

It is true the complaint, in its several paragraphs, proceeds upon the theory of a contract of bailment between the appellant and appellee; but the reply is not inconsistent therewith. The theory of the answer is that, although the appellant left the goods in the appellee's possession, as bailee, the appellant owned them only in the special capacity of administrator of the estate of Joseph Nichols, deceased, and that the appellant having been superseded as such administrator by Wilson, the appellee purchased the goods from the latter at administrator's sale, under the order of the court. The appellant in effect says in the reply: It is true I was administrator of Joseph Nichols' estate when I placed these goods in your care, and such goods were nominally held by me as such administrator, but in fact the estate of which I was then acting in such capacity was not the owner thereof, but other parties were the real owners, and through them I became the owner of the property by relation, and that ownership dates back to the time I placed the goods in your pos-

session. This is but another mode of saying that at the time of the storing of the goods in the appellee's cellar the appellant was the owner thereof, and is entirely consistent with the theory of the complaint.

A reply is not a departure unless it confesses the answer without alleging sufficient facts to avoid it, and makes a new case. See *McAroy* v. *Wright*, 25 Ind. 22. Here there is a confession of the material parts of the answer, but the reply avoids these by the averment of new matter, which is not inconsistent with but explanatory of the complaint. Of course, if the appellee is an innocent purchaser, his purchase from Wilson will exonerate him. But the reply expressly avers that the appellee had full knowledge of all the facts by virtue of which the goods became the property of the appellant. This is an issue of fact, and can be determined only from the evidence in another trial.

Much stress is placed by counsel in their brief upon the expression of the court in the principal opinion that the title of the property had been litigated in good faith between the estate of Nichols on the one hand, and Fritz, Ross and Stump and others on the other hand. It is insisted that, inasmuch as one of the replevin suits referred to was dismissed by McFadden, this shows that the title to the property was not litigated. If we concede the inaccuracy of the term "litigated" in connection with the decision of this point in the principal opinion, we still can not admit that the title as between the parties litigant was not fully determined by the result of the suit.

The dismissal was a practical confession by the administrator that he had no claim to the property.

The judgment of return by the court was an adjudication upon the right of possession and ownership between the parties. The estate is fully bound by that judgment as long as it remains in force. The appellee is but the privy in ownership of the estate from which he purchased. He can claim no greater right than the estate had when he purchased

from it.   This is especially true if he knew the facts upon which the alleged title of the estate was based, as it is averred in the reply he knew.

The argument of appellee's counsel that some third party might have owned the property and not been barred by the replevin proceedings, and that the appellee might have derived title through such third party is utterly untenable. There is no pretence, either in the answer or in the reply, that appellee claimed through some one not a party to the actions in replevin.   On the other hand, it is clearly asserted in the answer that he claims through the estate of Nichols.   That estate, however, was a party to both of those actions and is bound by them, as is also the appellee, the privy of said estate.

We are referred by counsel to the case of *Chaplin* v. *Baker*, 124 Ind. 385, as an authority upon the subject of departure. We have examined that case, and do not think it supports the position assumed by counsel.   The case cited was an action upon a note and to foreclose a mortgage given to secure it.   One of the defendants, a married woman, answered, setting up her suretyship.   The reply attempted to show a liability upon a subsequent undertaking, and it was properly held to be a departure.   As we have seen, there are none of these elements in the present case.   The reply relates back to the complaint, and characterizes the transaction there set forth as the cause of action by explaining the manner in which the appellee became the appellant's bailee.   There is no similarity between these cases in principle.

Much of the ground traversed in the brief of appellant's counsel has been gone over in the original opinion, and we see no good reason for retracing the line of discussion there pursued.   We are constrained to adhere to the ruling in the former opinion.

The petition is overruled.

Filed March 19, 1892.