BERTHA HEDGES SPAFFORD, Plaintiff in Error, *vs.* SAMUEL P. HEDGES *et al.* Defendants in Error.

*Opinion filed December 17, 1907.*

1. LANDLORD AND TENANT—*extent to which tenant may set up title against landlord.* While a tenant will not be permitted to dispute the title which the landlord had at the time the tenancy began, yet he may show that such title was a limited estate, which has terminated, or that the landlord's title has been divested by operation of law, or that the tenant is holding possession under a title derived through the landlord.

2. SAME—*a tenant need not surrender possession before setting up title acquired through foreclosure.* A tenant who has gone into possession of mortgaged premises and paid rent to the mortgagor may nevertheless acquire title to the premises through a subsequent sale under the mortgage, and if he ceases to pay rent and thereafter claims to hold the premises as his own he may set up the title so acquired as against the mortgagor or his heirs without having surrendered possession to them.

3. REDEMPTION—*what does not entitle heirs to redeem.* An offer by the purchaser of premises sold under a mortgage, to permit the mortgagor, who was residing abroad, to re-purchase the property at the price paid, with carrying expenses, in case he returned to this country and desired to accept the offer, which offer was apparently without consideration and was not accepted by the mortgagor before his death, six years later, does not entitle the mortgagor's heirs to redeem fifteen years after the offer was made and some time after it was withdrawn.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This was a bill in equity filed in 1895 by Mary F. Murphy in the circuit court of Cook county, against Samuel P. Hedges, and Anna T. Spafford, Bertha Hedges Spafford and Grace Spafford, the widow and heirs-at-law of Horatio G. Spafford, deceased, to fasten a trust upon the north half of lot 9, in Hundley's subdivision of the east half of the south-east quarter of section 17, township 40, north, range 14, east of the third principal meridian, in the city of Chicago, Cook county, Illinois.

The bill alleges that prior to the year 1881 Horatio G. Spafford received the sum of $9000 belonging to Mary F. Murphy; that he invested said sum of money in the purchase and improvement of said premises and that he held said premises in trust for the benefit of said Mary F. Murphy; that in the year 1881 said Horatio G. Spafford placed said Samuel P. Hedges in possession of said premises and with his family moved to the city of Jerusalem, where he died in the year 1888, leaving Anna T. Spafford, his widow, and Bertha Hedges Spafford and Grace Spafford, as his daughters and sole heirs-at-law; that at the time said Samuel P. Hedges took possession of said premises they were encumbered by a trust deed made by Horatio G. Spafford and wife to one Gallup, as trustee, to secure the payment of a promissory note to Hetty R. Green for the sum of $20,-000; that at the time said Samuel P. Hedges took possession of said premises he agreed to pay as rent therefor the sum of $55 per month, $30 of which was to be paid monthly to Mrs. Murphy and $25 monthly to Mrs. Wills, who were creditors of Horatio G. Spafford; that he also agreed to pay the taxes upon said premises, and to protect the same from sale under the Gallup and other trust deeds thereon so

far as he could, and that at the time he took possession of said premises he had notice that the funds of Mary F. Murphy held by Horatio G. Spafford had been invested in the purchase and improvement thereof; that in 1881 said Gallup foreclosed said trust deed by exercising the power of sale contained therein, and that Hetty R. Green became the purchaser of said premises at said trustee's sale; that in 1882 said Hetty R. Green sold and conveyed said premises to said Samuel P. Hedges for the sum of $20,000, of which amount Samuel P. Hedges paid the sum of $3000 by transferring to said Hetty R. Green other real estate, and gave her his notes for the balance of the purchase price secured by a trust deed upon said premises, which notes have been paid by Samuel P. Hedges and said trust deed has been released of record; that immediately after the purchase of said premises by Samuel P. Hedges from Hetty R. Green he wrote to Horatio G. Spafford, at Jerusalem, that he had purchased said premises, and that if Horatio G. Spafford desired to re-purchase the same upon his return to Chicago he could do so for the amount paid therefor by Samuel P. Hedges and the expenses of maintaining the property.

Answers were filed by the defendants, and replications thereto, and the case was referred to the master to take the proofs and report his conclusions; and in 1897 Bertha Hedges Spafford, who had then attained her majority, filed a cross-bill, in which she prayed for an accounting as against Samuel P. Hedges, and that she and her sister, Grace Spafford, be permitted to redeem said premises from the Gallup trustee sale under and by virtue of the terms of the letter written by Samuel P. Hedges to their father in the year 1882. Answers were filed to the cross-bill, and replications thereto, and the cross-bill was also referred to the master. The master, after overruling exceptions thereto, filed his report, in which he recommended that the original and cross-bills be dismissed for want of equity, which objections were renewed as exceptions in the circuit court and overruled by

the court, and a decree was entered in accordance with the recommendations of the master, whereupon Bertha Hedges Spafford sued out a writ of error from the Appellate Court for the First District to reverse the decree of the circuit court so far as it dismissed her cross-bill. The decree of the circuit court was affirmed by the Appellate Court, and Bertha Hedges Spafford has sued out a writ of error from this court to review the judgment of the Appellate Court.

HELMER, MOULTON & WHITMAN, (SAMUEL ADAMS, of counsel,) for plaintiff in error:

One who has accepted and taken possession of property under the relation of landlord and tenant or of a voluntary trustee is not entitled to dispute the title of his landlord, or of his *cestui que trust,* with possession of the property. *Lowe* v. *Emerson,* 48 Ill. 160; *Sexton* v. *Carley,* 147 id. 269; *Merki* v. *Merki,* 113 Ill. App. 518; *Fusselman* v. *Worthington,* 14 Ill. 135; *Ferbrache* v. *Ferbrache,* 110 id. 210; *O'Halloran* v. *Fitzgerald,* 71 id. 53.

The tenant is estopped from denying the title of his landlord. His possession is subservient to the title of the party under whom he entered. He is not permitted to betray the possession with which he was intrusted. He cannot set up a better title in himself or a third person. Public policy and common honesty alike forbid that he should do any act which may defeat or endanger the title of his landlord. He must surrender up possession before he can assail the question of title. He must put the landlord in the position he occupied when he parted with the possession. *Tilghman* v. *Little,* 13 Ill. 239; *Hardin* v. *Forsythe,* 99 id. 312; *Sexton* v. *Carley,* 147 id. 269.

A tenant is not permitted to dispute the title under which he enters. He must restore the possession to the landlord before he can assail his title. *Fusselman* v. *Worthington,* 14 Ill. 136.

LOESCH, SCOFIELD & LOESCH, for defendants in error:

Having purchased under a foreclosure against Spafford, Hedges may set up his title in bar of any action brought by Spafford or his heirs against him without first surrendering possession to Spafford. *Tilghman* v. *Little,* 13 Ill. 239; *Wells* v. *Mason,* 4 Scam. 84; *Franklin* v. *Palmer,* 50 Ill. 202; *Supervisors* v. *Herrington,* 50 id. 232; *St. John* v. *Quitzow,* 72 id. 334; *Green* v. *Dietrich,* 114 id. 636; *Corrigan* v. *Chicago,* 144 id. 537; *Born* v. *Spafford,* 93 Ill. App. 10.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The master found that the evidence failed to show that the heirs of Horatio G. Spafford, deceased, had the right to redeem the real estate in question from the trustee's sale to Hetty R. Green, and the correctness of the decree of the circuit court approving the master's finding in that particular is the controlling question in this case.

It appears from the evidence that when Samuel P. Hedges took possession of said premises, in 1881, he agreed with Horatio G. Spafford to pay as rent for said premises the sum of $55 per month, and that he paid rent on said premises under that agreement for four months, when the Gallup trust deed was foreclosed by the trustee making a sale of said premises, under the powers of sale contained in said trust deed, to the holder of the indebtedness secured thereby, Hetty R. Green, and that Hetty R. Green shortly thereafter re-sold the premises to Samuel P. Hedges, and that after the purchase from Hetty R. Green Samuel P. Hedges ceased to pay rent on said premises and thereafter claimed to hold the premises as owner, and it is urged Samuel P. Hedges having gone into possession as tenant of Horatio G. Spafford, he could not hold the same, as against Horatio G. Spafford or his heirs, under said trustee's sale

and his purchase from Hetty R. Green, as it is said he having acquired the possession of the premises from Horatio G. Spafford as his tenant, he could not acquire the right to hold the same, as against Spafford or his heirs, under said trustee's sale and the purchase from Hetty R. Green, without first having surrendered the possession of the premises to Spafford or his heirs.

The law is well settled in this State that a tenant cannot deny his landlord's title or show that his lessor had no title to the premises leased at the time the tenancy began. A tenant may, however, show his landlord had a limited estate, only, in the leased premises, which has terminated by its own limitation, or that his landlord has sold or conveyed the subject matter of the tenancy, or that his landlord's title has been divested by operation of law, and that he is holding possession of the premises under a title that is derived through his landlord. (*Wells* v. *Mason*, 4 Scam. 84; *Tilghman & West* v. *Little*, 13 Ill. 239; *Franklin* v. *Palmer*, 50 id. 202; *Board of Supervisors of Kane County* v. *Herrington*, id. 232; *St. John* v. *Quitzow*, 72 id. 334; *Green* v. *Dietrich*, 114 id. 636; *Corrigan* v. *City of Chicago*, 144 id. 537.) In this case the landlord executed a trust deed upon the premises prior to the time he leased the same to Samuel P. Hedges. Default was made by him in the payment of the notes secured by that trust deed, and the premises were sold by the trustee to the holder of the debt secured by the trust deed, in satisfaction of the debt, and thereupon the purchaser sold the premises to Samuel P. Hedges. We think it clear, under the foregoing authorities, that Samuel P. Hedges had the right to purchase said premises of Hetty R. Green, as against Horatio G. Spafford or his heirs, without first surrendering the possession of the premises to Horatio G. Spafford or his heirs,—that is, that Samuel P. Hedges did not acquire title to said premises adversely to Horatio G. Spafford but under a title derived from Horatio G. Spafford, which title Samuel P. Hedges might legally set up in de-

231 — 10

fense of his possession, as against the plaintiff in error and her sister, without first surrendering the possession of said premises to them or their ancestor.

The letter claimed to have been written by Samuel P. Hedges to Horatio G. Spafford was not introduced in evidence, and the parties who testified to its contents did not agree in their testimony as to what it contained. It, at most, was a statement made in 1882 by Samuel P. Hedges to Horatio G. Spafford, who was then residing in Jerusalem, that he had purchased said premises, and that if Horatio G. Spafford desired to return to Chicago and to re-purchase the premises he would permit him to do so at the price paid therefor by him, with the carrying expenses of the premises added. Horatio G. Spafford did not return to Chicago, and although he lived six years after the receipt of said letter, the evidence does not show that he ever answered the same or in any way accepted the offer contained therein. The offer was apparently without consideration and was not acted upon by Spafford during his lifetime, or by his widow or heirs until more than fifteen years had elapsed after it was made and subsequent to its withdrawal by Samuel P. Hedges.

The evidence found in this record which is relied upon by the plaintiff in error to establish the right of the heirs of Horatio G. Spafford to redeem or re-purchase said premises is very uncertain and unsatisfactory. At the time the title passed out of Horatio G. Spafford his equity in the premises appears to have been of no value, and in view of the lapse of time intervening between the trustee's sale and the filing of the cross-bill in this case, and the unsatisfactory and contradictory condition of the evidence, we think the circuit court properly dismissed the cross-bill of the plaintiff in error.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*