## RUSSELL v. TRUSTEES OF PURDUE UNIVERSITY, A CORPORATION.

[No. 14,421.   Filed October 28, 1931.]

*Addison K. Sills* and *Frederick O. Evans,* for appellant.

*Charles H. Stuart, Allison E. Stuart* and *James M. Ogden,* Attorney-General, for appellee.

BRIDWELL, P. J.—Appellant, as plaintiff, instituted this action against appellee, as defendant, to enjoin appellee from asserting the fee-simple title to certain real estate, from denying that the appellant is the owner of the fee-simple title in and to said real estate, from doing any act inconsistent with the alleged fee-simple title of appellant in and to said real estate, and to quiet title thereto.

Among other proceedings in the court below was the filing by appellant of an amended complaint in three paragraphs and the filing by appellee of a demurrer to each of said paragraphs. Appellant dismissed his second paragraph of amended complaint, and demurrer was sustained to the first and to the third paragraphs of said complaint. Appellant duly excepted to each of the court's rulings and refused to plead further. Judgment was rendered on said demurrers that the plaintiff (appellant) take nothing by this action and that defendant

recover of said plaintiff its costs in this cause laid out and expended.

The question presented on this appeal arises upon the ruling on demurrer to the third paragraph of appellant's amended complaint, that action being the only assigned error that is presented.

The third paragraph of amended complaint, omitting the caption, title, signature of attorneys, signature of parties to a lease incorporated as a part of said paragraph, the acknowledgment of said parties of the execution of said lease and descriptions of the real estate in question, is as follows: "The plaintiff, Phillip A. Russell, for a third and further paragraph of amended complaint, complains of the defendant, The Trustees of Purdue University, and says that the said defendant is and was, at the several times hereinafter mentioned, a corporation duly organized and existing under the laws of the State of Indiana, and that the corporate name of said defendant is 'The Trustees of Purdue University'; that the said defendant corporation is an educational institution, which institution is generally known and styled as 'Purdue University.'

"Plaintiff further avers that on the 22nd day of September, 1927, the said defendant filed its complaint in the Circuit Court of Tippecanoe County, Indiana, making this said plaintiff and his wife Mary J. Russell defendants thereto; that, by said complaint, the said defendant sought to condemn the fee simple title of the following described real estate in Tippecanoe County, State of Indiana, to wit: [Here the description of the real estate appears.]

"That, on the date said complaint was filed, and for a long time prior thereto and ever since, the plaintiff was and had been the owner in fee simple of said real estate so above described; that such further proceedings were had in such cause of action so commenced by

the defendant that, on the 22nd day of November, 1927, the said Tippecanoe Circuit Court entered an interlocutory order, by the terms of which it found and decreed that the said defendant was entitled to condemn the fee simple in and to said real estate, and that appraisers should be and were appointed to appraise said real estate; that thereafter said appraisers so appointed duly qualified, and, on the 29th day of November, 1927, said appraisers filed their report appraising the fee simple in and to said real estate at and for the sum of twenty-three thousand five hundred and seventy-eight dollars ($23,578.00).

"Plaintiff further avers that, on the 15th day of April, 1927, this said plaintiff, who was at said time the owner in fee simple of the real estate hereinbefore described, and the said defendant entered into a certain executory lease reading as follows, to wit:

" 'LEASE.

" 'This Indenture, made this fifteenth day of April, 1927, by and between Phillip A. Russell, of West Lafayette, Indiana, party of the first part, and the Trustees of Purdue University, of Lafayette, Indiana, party of the second part; Witnesseth:

" 'That the party of the first part, in consideration of the covenants and agreements on the part of said party of the second part hereinafter contained, hereby leases and demises unto said party of the second part the following described real estate in Tippecanoe County, State of Indiana, to wit:   [Here the real estate is described.]

" 'To be occupied and used for agricultural purposes for the term of five (5) years, commencing on the first day of March, 1928, and ending on the last day of February, 1933, with the privilege of five (5) additional years for all or any part of said real estate above described, provided said real estate is not sold.   If any part or all of said above described premises are offered

for sale, the party of the second part shall have the first option at same price. In consideration of the premises, said party of the second part hereby covenants and agrees to pay said party of the first part for the rent thereof, the sum of thirteen hundred ($1,300.00) dollars per year, payable one-half at the end of each six months in every year, to wit: Commencing March 1, 1928, six hundred and fifty ($650.00) dollars, and September 1, 1928, six hundred and fifty ($650.00) dollars and every six months thereafter.

" 'Permission is given to said party of the first part to remove the old barn located near the south end of the above described property.

" 'Permission is given said party of the second part to sow wheat or rye this fall on any or all of the fields.

" 'All line fences to be maintained, and new fences built, at option of party of second part, at its own expense. Any new fences, buildings, sheds or silos erected upon said above described real estate shall be at the expense of the party of the second part, with the right to remove any of said new fences, buildings, sheds or silos so placed upon said real estate by said party of the second part during this lease, or the previous lease, or if renewed, during the time of said renewal.

" 'Said party of the second part further agrees not to sublease said above described premises, or to assign or transfer this lease or any part thereof, without the written consent of the party of the first part.

" 'It is hereby understood and agreed that if said second party shall violate any of the agreements herein contained, or if said rent shall be in arrears sixty (60) days, this lease shall be forfeited, and said party of the first part shall be entitled to the immediate and peaceable possession of said premises without notice.

" 'In Witness Whereof, the parties hereto have hereunto set their hands and seals the day and year first

above written. [Here appears the signatures of the parties and their several acknowledgments of the execution of the lease.]'

"That the real estate described in said lease is the same real estate hereinbefore described and referred to in the complaint of the defendant for condemnation.

"Plaintiff avers that, by the terms of said lease, possession of said premises was to be given to defendant on the first day of March, 1928, and to run for a period of five (5) years therefrom; that, by the terms of said lease, the defendant agreed to pay to the plaintiff the sum of thirteen hundred dollars ($1,300.00) per year, payable on March 1 and September 1 of each year during the continuance of said lease.

"It was further provided in said lease that the defendant was not to sub-lease said premises, or to assign or transfer said lease without the written consent of the plaintiff herein.

"It was further provided in said lease that if the defendant should violate any of the agreements contained therein, or if the rent to be paid by said defendant as therein provided should be in default for the period of sixty (60) days, that said lease should be forfeited and that said plaintiff should be entitled to the immediate and peaceful possession of said premises without notice.

"It was further provided in said lease that said premises were to be occupied by the said defendant for agricultural purposes; that, in said condemnation suit, the defendant averred in its complaint therein that it desired to acquire the fee-simple title to the real estate therein sought to be condemned for the use of the defendant to erect thereon and construct, equip, furnish, operate, control and manage dormitories in connection with said Purdue University, for the purpose of said institution, and for educational purposes of said defendant; and it was further averred in said complaint in

said condemnation suit that it was necessary or desirable for the welfare and convenience of said institution to acquire said real estate for the use of said institution as hereinbefore averred; and it was further averred in said complaint that the defendant had further found and determined that a necessity existed to erect, construct, equip, furnish, control and manage dormitories in connection with said Purdue University for the purposes of said institution.

"Plaintiff further avers that the said lease hereinbefore referred to has never in any manner been changed, modified, altered or canceled, but remains in full force and effect according to the terms thereof.

"Plaintiff avers that, on and prior to the first day of March, 1928, the said defendant did not pay to the plaintiff, or to the Clerk of said Tippecanoe Circuit Court of Indiana, or to any one for the use and benefit of this plaintiff, the appraised value of said real estate, but, on the first day of March, 1928, took possession of said real estate under and pursuant to the terms of said written lease, and for the uses and purposes therein set forth, and paid the rent therein specified to this plaintiff, and has ever since continued in possession of said real estate under and pursuant to said lease, for the purposes therein set forth, and has continued to pay to this plaintiff the rent specified in said lease as therein provided; that the taking of possession as aforesaid by the defendant on the said first day of March, 1928, was an unconditional taking under and pursuant to the terms of said written lease and not otherwise.

"Plaintiff avers that, by the said taking of possession under said lease, and the retention of such possession, and the payment of said rent, and the failure at any time thereafter to surrender possession of said premises under said lease, the defendant waived, relinquished and abandoned all of its right and authority

to assert any further rights under said interlocutory decree of condemnation; and the plaintiff further avers that, by the acts of the defendant as hereinbefore set out, the defendant has estopped itself from asserting any further rights under said interlocutory decree of condemnation.

"Plaintiff further avers that each of the acts of the said defendant in taking possession of said premises on the first day of March, 1928, and each and singular of the acts of the defendant upon its part as hereinbefore averred, was voluntary upon the part of said defendant.

"Plaintiff further avers that thereafter, on the 18th day of September, 1929, and long after said defendant had waived, relinquished and abandoned any rights it might have had under said interlocutory decree of condemnation, and long after it had estopped itself from claiming any rights under said interlocutory decree of condemnation, the said defendant, voluntarily and without the knowledge and consent of this plaintiff, paid to the Clerk of the said Tippecanoe Circuit Court of Indiana the sum of twenty-three thousand five hundred and seventy-eight dollars ($23,578.00) for the use and benefit of this plaintiff, pretending to make said payment under and pursuant to said interlocutory decree, the report of the appraisers and the statutes of the State of Indiana.

"Plaintiff further avers that he has never accepted said sum of money so paid to said Clerk, nor did he authorize its acceptance by said Clerk, but that he has always insisted, and still insists, that said voluntary payment so made by the defendant was without authority in law and wholly unwarranted and unauthorized.

"Plaintiff further avers that, at the time of the payment of said sum to the Clerk as aforesaid, the defendant was in possession of said premises, under and pursuant to the terms of said written lease, and using said

property for agricultural purposes, and had not surrendered possession of said premises to the said plaintiff after it had so taken possession thereof under said lease.

"Plaintiff further avers that the said defendant is threatening to, and, unless restrained and enjoined by this court, will take possession of said real estate as the owner of the fee-simple title in and to the same, and assert acts of ownership with reference thereto as though it were the owner of the fee-simple title thereof; that the said defendant is threatening to, and will, unless restrained and enjoined by this court, ignore and repudiate the said written lease hereinbefore referred to, and the terms thereof; that the said defendant is threatening to, and will, unless restrained and enjoined by this court, deny the plaintiff his ownership and his fee-simple title in and to the said real estate; that the plaintiff begins this action, and seeks to restrain and enjoin the said defendant, because of the fact that he has no adequate remedy at law to protect himself and his said property; that an action at law for damages will be wholly inadequate to redress the wrongs which plaintiff will suffer if defendant is permitted to do each and singular acts which it has threatened to do and will do unless restrained and enjoined by this court.

"Plaintiff further avers that he begins this suit in order to avoid a multiplicity of suits, which would be necessary in order to redress the wrongs which plaintiff would suffer if the said defendant be permitted to do the acts which it is threatening to do and will do unless restrained and enjoined by this court; that, unless the said defendant is restrained and enjoined from doing the said threatened act, this plaintiff will suffer irreparable damages which cannot be compensated in an action at law.

"Plaintiff further avers that he is the owner in fee

simple of said real estate; that the defendant claims an interest therein adverse to the plaintiff's right, which claim is without right and unfounded, and a cloud upon plaintiff's said title.

"Wherefore, plaintiff sues and demands that his title in and to the said real estate be quieted as against all claims and demands of the defendant, save and except whatever rights it may have under said written lease dated April 15, 1927, and that the said defendant be restrained and enjoined by this court from asserting the fee-simple title in and to said real estate; that it be further enjoined and restrained from denying that the plaintiff is the owner of the fee-simple title in and to said real estate, and that said defendant be further enjoined and restrained from doing any act inconsistent with the fee-simple title to plaintiff in and to said real estate, and for all other proper relief."

The demurrer of appellee is on the ground that the said third paragraph of amended complaint does not state facts sufficient to constitute a cause of action.

The facts, in chronological order, that are of importance in determining this controversy, as stated in the third paragraph of amended complaint, are as follows: On April 15, 1927, appellant was the owner of the real estate in question and on that day appellant, as lessor, and appellee, as lessee, entered into a lease for such real estate for a term of five years to commence on March 1, 1928, the demise being for agricultural purposes; on September 22, 1927, appellee filed a suit in the Tippecanoe Circuit Court against appellant and Mary J. Russell, his wife, for condemnation of the fee-simple title to said real estate for dormitory and educational purposes, on November 22, 1927, the Tippecanoe Circuit Court entered, in said suit, an interlocutory order of condemnation or appropriation of the fee-simple title to said real estate and appointed appraisers; on November

29, 1927, the appraisers filed their report in said condemnation suit, appraising the fee-simple title of said real estate at $23,578; on March 1, 1928, appellee took possession of said real estate under the terms of the lease executed by the parties and paid the rent in accordance with the provisions of said lease; on September 18, 1929, appellee, without the knowledge and consent of appellant, paid to the clerk of the said Tippecanoe Circuit Court, for the use and benefit of appellant, the amount of the appraiser's award in said condemnation suit; on September 18, 1929, appellee was in possession under the lease, and payment of the award was made without surrendering possession; appellee is threatening to and will take possession of said real estate as the owner of the fee-simple title to the same, and will ignore and repudiate the said written lease between the parties, and deny the appellant his ownership and his fee-simple title unless restrained and enjoined from so doing.

Certain averments of the complaint show that the award of the appraisers made and filed in the condemnation proceedings mentioned in the complaint was made and filed on November 29, 1927, and that the amount of the award was paid to the clerk of the court where such proceedings were heard on September 18, 1929. Section 7689 Burns 1926 (Acts 1907, ch. 184, p. 306), provides that an award of damages in condemnation proceedings must be paid within one year after the report of the appraisers is filed, in case no exceptions are filed thereto, or, where exceptions are filed to the report of the appraisers within one year from the date of the judgment rendered on the trial of any such exceptions, where there is no appeal from the judgment, and, in case of an appeal, within one year, from the date of final judgment of affirmance or reversal by the Supreme or Appellate Court. There is no

averment that the award was not paid within the time provided by law, and, in the absence of such an allegation in the complaint, even though it does appear therein that more than one year elapsed between the date of the filing of report of the appraisers and the date of the payment of the award, the complaint, because of these particular facts alleged, will not be held good on demurrer unless other facts are pleaded therein sufficient to state a cause of action. Where a complaint is tested by demurrer, no inferences are indulged in favor of the pleading, but it is presumed that the pleader has alleged the strongest case which the facts will permit.

Appellant asserts that the facts pleaded state a cause of action, and contends that since, on March 1, 1928, appellee took possession of the real estate under the lease of April 15, 1927, paid the rent provided for in said lease and held possession under said lease, appellee is estopped, while retaining possession, from doing any act hostile to the title it acknowledged in accepting the demise; that, on March 1, 1928, appellee had the choice of paying the money awarded in the condemnation proceeding and taking the fee, or of taking possession of the real estate under the lease for a term of five years; that, by taking and holding possession under the lease, appellee waived and relinquished any rights it had under said condemnation proceeding and estopped itself from thereafter paying the amount of the appraiser's award and thereby acquiring the fee-simple title to the real estate in question.

According to the generally accepted definition, a waiver is the intentional relinquishment of a known right. 27 R. C. L. 904. It may be express or implied. No express waiver is averred, and there is no allegation in the paragraph of complaint in question showing that appellee, when it took possession under the lease, intended to waive any right obtained

in the condemnation suit. It does appear from the facts averred that appellee subsequently paid the appraisers' award of $23,578, and this action on its part shows that it did not intend to waive its rights, but was exercising such rights and insisting upon them. No act is averred showing that appellant was misled, to his prejudice, into the honest belief that a waiver was intended. To make out a case of implied waiver of a legal right, there must be a clear, unequivocal and decisive act of the party showing the purpose to waive, or acts amounting to an estoppel on his part. 27 R. C. L. 909.

Appellant says that "the waiver consisted in doing an act inconsistent and antagonistic to the rights granted under the interlocutory order in the condemnation proceedings," and asserts that entering into possession under the lease was such an act. We do not think so. It was not inconsistent for appellee to take and hold possession for agricultural purposes under the lease until such time as it might legally acquire the right of possession under the condemnation proceedings.

Appellant further contends that, under the facts pleaded, the doctrine of estoppel applies. No one can set up another's act or declaration as the ground of an estoppel unless he has himself been misled or deceived by such act or declaration. He must show that he was influenced to do some act to his detriment and that injury will result if the other person is permitted to withdraw or deny the truth of what he did. *Simpson* v. *Pearson* (1869), 31 Ind. 1, 99 Am. Dec. 577; *Chaplin* v. *Baker* (1890), 124 Ind. 385, 24 N. E. 233; *Dudley* v. *Pigg* (1897), 149 Ind. 363, 48 N. E. 642; *Guy* v. *Liberenz* (1902), 160 Ind. 524, 65 N. E. 186. It is not averred in the complaint that appellant relied upon appellee's act in taking possession under the lease and was thereby induced and influenced to do something detri-

mental to his interest, but appellant insists that appellee, having entered as a tenant under a lease providing for a five-year tenancy, is bound by its action in so doing, and has no right thereafter to acquire title under the condemnation proceedings.

It is a general rule, well settled by the decisions of our Supreme Court and this court, that a tenant is estopped while in possession of the lands to deny the landlord's title as that title existed at the time the lease was made. *Pence* v. *Williams* (1895), 14 Ind. App. 86, 42 N. E. 494; *Reese* v. *Caffee* (1892), 133 Ind. 14, 32 N. E. 720; *Riverside Coal Co.* v. *North Indianapolis, etc., Works* (1923), 194 Ind. 176, 139 N. E. 674, 142 N. E. 377; *Tuell* v. *Homann* (1915), 60 Ind. App. 285, 108 N. E. 596. This general rule, however, does not preclude the tenant from showing that since the creation of the tenancy the right and title of the landlord has expired, or has become extinguished, or that the tenant has acquired the landlord's title. *Pence* v. *Williams, supra; Millikan* v. *Davenport* (1892), 5 Ind. App. 257, 31 N. E. 1122; *Stafford* v. *Hedges* (1907), 231 Ill. 140, 83 N. E. 129, Ann. Cas. 1917D, note at p. 551, and authorities there cited; 24 Cyc. pp. 951-954.

Appellant claims that appellee could not, during the five-year period of the lease, after entering into and holding possession of the premises under the lease, and while so holding possession, claim a title acquired before or during its tenancy, hostile in its character to the title which it acknowledged in accepting the demise. With this statement as to the law we agree. It does not necessarily follow, however, as asserted by appellant, that appellee could not pay the amount of the appraisers' award into court in the condemnation suit, for the use and benefit of appellant, and

thereby acquire the fee-simple title to the real estate appropriated by it in such proceeding. Such action would not be a denial of the title acknowledged when it accepted the demise, but, more properly speaking, it would be an affirmance thereof. Here the allegations of the complaint do not show that the appellee is threatening to and will take possession of the real estate involved, unless restrained from so doing, by virtue of any claimed title antagonistic to the title acknowledged when it entered into the lease or when it took possession thereunder  To the contrary, the facts pleaded show that it is the landlord's title that appellee claims, and that this claim is asserted under a judicial decree passing title by operation of law, upon the payment of the amount of the appraisers' award pursuant to statutory authority for so doing and after the date of the lease and the taking of possession under it.

The loyalty which the law requires is to the title and not to the person of the landlord. The payment of the award in the manner prescribed by law extinguished the appellant's title and vested it in the appellee. When the landlord's title vests in a tenant, there is no possessory right remaining in the landlord. The relationship ceases, and the tenant then is in and holds as owner, and he is in under the same title under which he entered.

There was no error in sustaining the demurrer to the third paragraph of the amended complaint.

Judgment affirmed.