RODOLPHUS J. CROACHER *vs.* F. W. OESTING.

Bristol.    Oct. 28, 1886. — Jan. 5, 1887.    DEVENS & W. ALLEN, JJ., absent.

Under a plea of *nul disseisin* to a writ of entry, the tenant may show title in himself.

If the purchaser at a sale by auction of land seized on execution refuses, after depositing the sum required by the terms of sale, to complete the sale by paying the balance due and accepting the deed tendered by the officer, the latter, after proceeding anew to give notice of the time and place appointed for a sale, may sell the land again, without making another seizure and recording it, under the Pub. Sts. *c.* 172, § 4, if the rights of third persons have not intervened.

Under the Pub. Sts. *c.* 172, § 46, notice to a judgment debtor of the time and place appointed for the sale of land taken on execution against the debtor is properly served by leaving it at his last and usual place of abode.

WRIT OF ENTRY to recover a parcel of land in New Bedford. Plea, *nul disseisin.* Trial in the Superior Court, before *Barker,* J., who directed a verdict for the tenant; and the demandant alleged exceptions. The facts appear in the opinion.

*E. L. Barney,* for the demandant.

*W. C. Parker,* for the tenant.

GARDNER, J. The demandant contends that, under a plea of *nul disseisin,* the tenant cannot show title in himself. But such a plea puts the whole title in issue; the tenant can maintain the issue, either upon the failure of the demandant to show title in himself, or by evidence of title in the tenant. *Swan* v. *Stephens,* 99 Mass. 7.

The demandant derived his title through Daniel B. Croacher, taking as heir, and by deed from the other heirs. The tenant's title was under a sheriff's levy and sale, upon an execution against the goods and estate of Daniel B. Croacher, and a deed from the sheriff to the tenant.

We do not understand that the demandant makes any objection to the sale of February 16, 1885, to Charles E. Hoard, or to the proceedings of the sheriff under that sale. It appears, from an examination of the sheriff's return upon the execution, that, up to this time, he had proceeded step by step in accordance with the requirements of the statute. After the estate was knocked down to Hoard by the officer acting as auctioneer, and after Hoard had made the deposit of $125, required by the terms of the sale, he refused to complete the sale, pay the balance due, and take a deed of the premises, upon tender of the same by the sheriff.

The officer thereupon did not return the execution, (Pub. Sts. c. 172, § 53,) but treated the attempted sale as if it had not been made, and proceeded anew to give notice of the time and place appointed for a sale of the estate. He had already, on January 15, 1885, seized the estate on the execution; and, as it had not been attached on mesne process in the suit, he had, in conformity with the Pub. Sts. c. 172, § 4, deposited in the office of the registry of deeds a copy of the execution, with a memorandum upon it of his seizure of the real estate. The statute directs that, when land is taken on execution, the officer shall give notice of the taking to the debtor, and that he shall complete the sale without unnecessary delay. Pub. Sts. c. 172, § 3. The statute has fixed no definite time within which to limit his completion of the sale. He had proceeded without unnecessary delay to complete the levy begun. The seizure was of record. The rights of third persons have not been affected. A delay of the officer to complete the levy and sale was immaterial, if no rights had been acquired during the delay. *Bell* v. *Walsh*, 130 Mass. 163. We do not think that the officer was required to make another seizure of the land and record it, after the failure of the first attempt to sell. The officer has proceeded in all respects in accordance with the statutes.

The service of notice to the demandant of the time and place appointed for the sale was properly made by leaving the notice at the last and usual place of abode of the demandant. *Welsh* v. *Macomber*, 130 Mass. 28, note. Pub. Sts. c. 172, § 46.

*Exceptions overruled.*