Filed April 1, 1890.

| 123 | 75 |
|-----|-----|
| 127 | 499 |
| 123 | 75 |
| 141 | 487 |

No. 13,919.

FRALICH, ADMINISTRATOR, *v.* MOORE ET AL.

NEW TRIAL.—*As of Right.*—*Proceedings to Sell Real Estate of Decedent.*—Section 1064, R. S. 1881, providing for a new trial as of right does not apply to proceedings by an administrator to sell the real estate of a decedent for the payment of debts.

ADMINISTRATOR.—*Real Estate.*—*Sale.*—An administrator is not entitled to an order for the sale of an amount of real estate in excess of what is necessary to pay the debts of the decedent.

From the Hancock Circuit Court.

*C. G. Offutt,* for appellant.

*D. S. Gooding* and *M. B. Gooding,* for appellees.

OLDS, J.—This is an application by the appellant, as ad-

ministrator, to sell the real estate alleged in the petition to have been owned by the decedent at the time of his death, to pay the debts of the estate. The appellees are made parties defendant.

The appellee Sarah A. Moore, the widow of the decedent, filed a separate answer, in two paragraphs. The first was a general denial. The second alleges that before, and at the time of, the death of the said William A. Moore, he and the said Sarah A. Moore were husband and wife, and as such husband and wife were the owners in entirety in fee simple of all of the real estate described in the petition; to which second paragraph of answer plaintiff replied by general denial.

The cause was submitted to the court for trial, and the court, after hearing the evidence, found for the plaintiff, the appellant, as to $\frac{63}{221}$ part of the land. The land was duly appraised; the appellant filed his bond, and the court ordered said real estate sold. In the petition the indebtedness of the estate is alleged to be $255.22, and the real estate ordered sold for the payment of the debts was appraised at $480.

After the rendition of the judgment ordering the sale of the real estate, the appellant filed his motion for new trial, as a matter of right, also filed a proper bond. The court overruled his motion and the appellant excepted and prosecutes this appeal, assigning the overruling of his motion for new trial as error.

The question presented is whether or not the appellant is entitled to a new trial, as of right, under section 1064, R. S. 1881.

The sale of real estate by an administrator is authorized by the statute providing for the settlement of decedents' estates, and it is, in its nature, a special proceeding under a special act pointing out the manner in which such application shall be made and prosecuted; who shall be made defendants; what facts shall be stated in the petition, and what questions may be tried and determined; and no pro-

vision is made whereby a new trial shall be granted as a matter of right, and we are of opinion that section 1064 of the code does not apply.

The case of *Liggett* v. *Hinkley*, 120 Ind. 387, involves the right to a new trial under said section, in an action by a creditor to set aside a fraudulent conveyance, and in that case the Court say : " The only question involved in this appeal is the propriety of the ruling of the court in refusing the defendants a new trial as a matter of right, they having made due application therefor in the manner prescribed by the statute. The plaintiff asserted no claim of title or right to the possession of the land. The action was by a creditor, who asserted that his debtor was the real owner, and that the title to the land had been fraudulently taken in the name of another, who held it in trust for the creditors of one of the defendants. In such an action the losing party is not entitled to a new trial as a matter of right, because the title only comes in question collaterally and as a mere incident." See *Miller* v. *City of Indianapolis, post,* p. 196. The same question is presented here. The administrator asserts no title in himself. He asserts that the decedent owned the land, and that it is subject to the payment of his debts.

It has also been held by this Court that a new trial will not be granted as a matter of right in actions for specific performance and to compel a conveyance of land, nor in ordinary partition proceedings. *Benner* v. *Benner,* 10 Ind. 256 ; *Walker* v. *Cox,* 25 Ind. 271 ; *Cooter* v. *Baston,* 89 Ind. 185 ; *Hammann* v. *Mink,* 99 Ind. 279 ; *Truitt* v. *Truitt,* 37 Ind. 514 ; *Shular* v. *Shular,* 56 Ind. 30.

The purpose of the law is to afford a speedy method for the settlement of estates, which is inconsistent with the theory that section 1064 should apply to proceedings to sell real estate of a decedent for the payment of debts, and allow any contestant a right to take a new trial within one year from the rendition of the judgment. In this case there was a finding in favor of the appellant as to a portion of the real

estate, amounting in value to more than the indebtedness, and the finding is silent as to the ownership of the remainder, and so far as the administrator is concerned, he has no right to an order for the sale of an amount in excess of the necessary amount to pay the debts of the decedent.

There was no error in overruling the appellant's motion for a new trial.

Judgment affirmed, with costs. ·

Filed April 2, 1890.