No. 1,946.

## PENCE *v.* WILLIAMS.

ESTOPPEL.—*Landlord and Tenant.*— *Title.*— A tenant is estopped to deny his landlord's title, notwithstanding his attornment to a third person claiming a paramount and superior title to the landlord, without first surrendering possession to such landlord, where any defect in the latter's title existed at the time the lease was made.

LANDLORD AND TENANT.—*Evidence.—Holding Over.—Damages.*— A finding by the court that plaintiff suffered $200 damages by defendant's unlawful holding over after the expiration of his tenancy is sustained by evidence that at the time of trial he had held over a little more than four months, and that plaintiff had rented the premises to another tenant for $600 a year, beginning at the close of defendant's tenancy.

From the Fountain Circuit Court.

*E. F. McCabe*, for appellant.

*G. W. Paul*, for appellee.

REINHARD, J.—This action was commenced by the appellee before a justice of the peace to recover of the appellant the possession of a farm, which the appellee had leased to the appellant in writing, for one year from January 12, 1894. The complaint charges an unlawful holding over by appellant after the expiration of the tenancy. The cause was appealed to the Warren Circuit Court, and thence the venue was changed to the

court below.    A trial by the court resulted in a finding
and a judgment in favor of the appellee for possession
of the premises and $200 damages.    The only error
assigned is the overruling of appellant's motion for a
new trial.

The reasons assigned for a new trial are:

"1.    The finding of the court is contrary to the law
and the evidence.

"2.    The damages are excessive.

"3.    Error in the assessment of the amount of the
recovery in this, that there is no evidence to show how
much the damages of the plaintiff are for the detention
of the lands in controversy."

The second and third reasons may be considered
together.    The appellant held over from the 12th of Jan-
uary.    The judgment appealed from was rendered May
16th.    There is evidence to prove that the appellee
had rented the premises to another tenant, whose term
was to begin on January 12, 1895, for $600 a year, but
when he demanded possession of the appellant it was
refused.    The appellee lost the contract of renting for
the year; the season then being too far advanced to
rent the farm for that year.    Appellant's counsel in
their brief make some allusion to the planting of crops
by the appellant, of which it is claimed the appellee
derived the benefit, but we have been referred to no
evidence, and appellee insists there is none in the record,
that appellant planted any crops or even prepared the
ground therefor.    We think the court was amply justi-
fied in placing the damages at $200.

The only remaining question relates to the sufficiency
of the evidence to sustain the finding.    In this connec-
tion it is contended that appellee had no title to the
premises before he executed the lease in question.    It is
a well-settled general rule that a tenant is estopped to

deny his landlord's title. *Reese* v. *Caffee*, 133 Ind. 14. It is true the appellant was permitted to show that the only title which appellee had, when he leased the farm to appellant, was a title based upon a tax deed. We think the evidence introduced was incompetent, unless the facts proved constitute an exception or exceptions to the general rule just stated. Appellant, after the expiration of his term, attorned to one claiming a paramount and superior title to appellee. This the appellant could not do under the law. A tenant has no power to attorn to a third person, without first surrendering the possession of the premises to the landlord from whom he obtained the same, or without the consent of the latter to such attornment. So long as a tenant remains in undisturbed possession under his lease, he is estopped to deny his landlord's title. Wood Landl. and Tenant, section 232.

The appellant attempted to show that another had a paramount title at the time he rented the premises, and that the lease was procured or effected by fraud, and in support of this theory he gave evidence.

Fraud is a question of fact, and must be established like any other fact, by satisfactory evidence. The finding against appellant included a determination, on the part of the court, as to the question of fraud. There was evidence tending to sustain this finding. Hence, if the question of fraud constituted an exception to the general rule stated, the appellant's failure to establish it precludes him from deriving any benefit from such exception. But we do see how the question of fraud could have any bearing on the point involved. There is no pretense that appellant was ever evicted or in the least disturbed in his possession under the lease.

Another exception to the general rule, that a tenant cannot dispute the title of his landlord, is where some

change has taken place in the landlord's title after the execution of the lease, as where the title has expired or been transferred to another, etc.    Taylor Landlord and Tenant, sections 629, 705, 707.  But in the case before us, whatever defect existed in appellee's title, existed at the time the lease was made.    Hence, the exception does not apply.    We find no error in the record.

Judgment affirmed.

Filed December 18, 1895.