## NESBIT ET AL. *v.* ENGLISH.

[No. 8,569.   Filed January 26, 1915.]

1. NEW TRIAL.—*New Trial as of Right.*—While in all actions to quiet title a new trial as of right could be had, the right thereto did not obtain where plaintiff joined with such action a cause in which a new trial as of right was not allowable; but the right was not lost where it was clearly apparent that the action was to quiet title, although some incidental relief was asked for as to which the statute did not apply.   p. 11.

2. PLEADING.—*Complaint.—Theory.*—The theory of a complaint is to be determined from its leading averments, and the court may look to the whole record to determine the theory of the case. p. 11.

3. NEW TRIAL.—*New Trial as of Right.*—Where it appeared from the whole record that there was no dispute between the parties as to the quantity of land owned by each, but that the principal contention was as to the correct location of the dividing line, and as to plaintiff's right to certain injunctive relief in relation thereto, a new trial as of right could not be had, although the quieting of the title was part of the relief sought and obtained by each of the parties.   p. 11.

From Miami Circuit Court; *J. T. Cox*, Special Judge.

Action by Nathaniel English against Mary A. Nesbit and others.   From the judgment rendered, the defendants appeal.   *Affirmed.*

*Edgar P. Kling* and *David E. Rhodes*, for appellants.
*Robert J. Loveland* and *Ralph V. Sollitt*, for appellee.

IBACH, J.—Appellants filed a proper motion and gave a sufficient bond to obtain a new trial as of right.   Their motion was overruled.   This action of the trial court presents the only question for review.   It is the contention of appellants that the whole proceedings center around the quieting of the title to a certain strip of land, and the other relief sought is simply incidental thereto.   On the other hand, appellee contends that the suit is one brought by him for the adjustment of certain differences arising over the location of the boundary line between the lands of the respective

parties, and the building of a partition fence on such line, to obtain injunctive relief, and incidentally to quiet the title to real estate.

When this case was tried the rule was that new trials as of right must be granted in all actions to quiet title to real estate or actions in ejectment. This right did not obtain, however, when plaintiff joined with such action a cause in which a new trial as of right is not allowed. *Aetna Life Ins. Co.* v. *Stryker* (1908), 42 Ind. App. 57, 59, 83 N. E. 647, and cases cited. But if it is clearly apparent from the whole case that the complaint is one to quiet title and in ejectment, although some incidental relief may also be asked for, and all prosecuted to final judgment, such whole case would be one in which a new trial as of right.is demandable.

The theory of a complaint is to be determined by the leading averments to be found therein, and when necessary, courts will look to the whole record to determine the theory of the case. In other words, a pleading as a general rule will be construed as.proceeding upon the theory most apparent and most clearly outlined from the facts stated. *Blanchard, etc.,.Furn. Co.* v. *Colvin* (1904), 32 Ind. App. 398, 402, 404, 69 N. E. 1032, and cases there cited.

Judged by these rules, what does the whole record in the cause show. the theory of this case to be? The first paragraph of the complaint, after describing the lands owned by the respective parties, contains averments that the line dividing such lands is a straight line, eighty rods in length, between two monuments that are known and recognized by the parties. In 1910, at the request of appellants, the county surveyor, visited the premises and ran and established the true partition line and marked the same by stakes. Pursuant to an agreement made prior thereto appellee undertook and was required to construct and maintain the north forty rods of partition fence and

appellants undertook and were required to construct and maintain the south forty rods of such partition fence between their lands. After the survey and establishment of the line, appellee built his portion of the fence on the line established by the survey. Appellants, disregarding the rights of appellee, entered upon his lands and were engaged in erecting their portion of the partition fence about seven feet to the westward from the true division line and on appellee's land, appellee had demanded that they desist from such trespass, and locate the fence upon the true line. Appellants are claiming title to, and ownership of, the said seven-foot strip of land and of the ground on which appellee's said fence is located, which claim is unfounded and without right and casts a cloud upon appellee's title. The prayer was for a decree quieting the title to the land in question in appellee, that appellants be enjoined from erecting their portion of said partition fence on his land and for a mandatory injunction compelling appellants to erect their fence on the established line.

The second paragraph of complaint, filed at a later date contains all the usual necessary allegations to be found in complaints to quiet title, and describes the same real estate mentioned in the first paragraph. Appellants filed answers in denial to each paragraph of the complaint, also a special answer and a cross-complaint in which they asked that their title to certain lands be quieted. Appellee filed a disclaimer of any interest in the lands so described in the special answer and cross-complaint.

The pleadings disclose that there is no contest as to the record title to land. It appears that the parties are agreed that appellants own all of the lands described in any pleading which are located in the northeast quarter of the southeast quarter of a certain section, that appellee owns all of the lands described which are located in the northwest quarter of the northeast quarter of said section. The controversy is as to the location of the boundary line between

the northeast and northwest quarter-quarter sections. Appellee asserts that the true line is that laid out by the county surveyor, between the known monuments, but avers that appellants are claiming lands seven feet west of said line. The effect of appellants' pleadings is to set up a claim to all lands in the northeast quarter-quarter section and to assert that the true line is the line upon which they were building their fence, about seven feet west of the line laid out by the county surveyor.

The judgment of the court quieted the title to the northwest quarter-quarter section in appellee, to the northeast quarter-quarter section in appellants. The true dividing line between the lands was located in conformity to the averments of appellee's complaint, and three separate and distinct mandatory orders were also issued against appellants, providing for the erection and maintenance of the partition fence substantially as prayed in the complaint.

All of the facts adjudicated by the court were within the issues presented, and while it must be conceded that the complaint stated a good cause of action to quiet title, yet the leading averments of the pleading, the theory of the cause adopted by the parties and the trial court, would indicate that the question of title to the land was merely an incident to the principal question involved and that the whole case proceeded and was tried upon the theory of appellee's right to have certain controversies over the location of the division line between the lands of the parties determined, and to have the partition fence located on the true line, and to obtain the injunctive relief prayed for. Had this suit been one solely for such purpose no one would seriously contend that a new trial as of right should be granted. It will be observed in many cases, such as the partition of lands, suits to recover for trespass on lands, to construct ditches, to establish highways, and in many other cases, the title to lands in one way or another may be involved, yet that question is merely incidental to the main

action and in all such cases it is well understood that a new trial as of right will not be granted. *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80, 34 N. E. 737; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681; *Butler University* v. *Conard* (1884), 94 Ind. 353, 356; *Studebaker* v. *Alexander* (1913), 179 Ind. 189, 100 N. E. 10. Indeed, so long as the statute was in existence, it was the purpose of the courts to confine this right to such cases only as were specifically set forth in the statute, and when in the same paragraph of complaint or in separate paragraphs, the claim for possession of real estate or to quiet title thereto is joined with any other cause of action, our courts have consistently held that a new trial as of right is not demandable. The cases are so numerous that we will cite no more than we have.

Having determined that this cause was based and tried, upon the questions presented other than the right to have appellee's title quieted in his lands, the trial court did not err in overruling the motion for a new trial as of right. Judgment affirmed.

NOTE.—Reported in 107 N. E. 552. As to statutory right to new trial in ejectment, see Ann. Cas. 1914 C 735. See, also, under (1, 3) 29 Cyc. 1037; (2) 31 Cyc. 84.