## Tuell v. Homann et al.

[No. 8,556. Filed April 22, 1915. Rehearing denied June 25, 1915. Transfer denied December 15, 1915.]

1. Pleading.—*Complaint.—Cross-Complaint.—Sufficiency on Motion in Arrest of Judgment.*—A complaint or cross-complaint challenged for the first time by a motion in arrest of judgment, will be treated as sufficient unless some material averment essential to the cause of action has been entirely omitted therefrom. p. 288.
2. Appeal.—*Questions Presented.—Findings and Conclusions of Law.—Sufficiency of Pleading.*—The sufficiency of pleadings assailed will not be given independent consideration on appeal where the same questions must be determined on consideration of the special finding of facts and conclusions of law. p. 288.
3. Trial.—*Exceptions to Conclusions of Law.—Admissions.*—Exceptions to conclusions of law admit for the purpose of such exceptions that the facts were correctly found. p. 291.
4. Husband and Wife.—*Contracts of Wife.—Action.—Findings.—Review.*—In an action by a married woman to recover possession of certain real estate and to quiet her title thereto, where it appeared from the findings that an agreement had been entered into by plaintiff to furnish defendants money with which to purchase the real

estate, the title to which was to be in defendants, in consideration that defendants dispose of their property in Illinois and move to Indiana, that defendants performed their part of the agreement and were put in possession of the lands in dispute, which were purchased with the money furnished by plaintiff under such agreement together with money furnished by defendants, and that plaintiff without defendant's knowledge caused the conveyance to be made to her instead of to defendants, the defendants were the holders of the equitable title and entitled to a decree directing a conveyance to them, notwithstanding plaintiff's contention that the contract was the parol contract of a married woman and therefore incapable of enforcement, since the agreement did not relate to the conveyance of real estate but to plaintiff's furnishing of money, and under §7853 Burns 1914, §5717 R. S. 1881, the contracts of a married woman with reference to her personal property are binding on her. p. 291.

5.  QUIETING TITLE.—*Action Against Occupant.—Defenses.—Right to Dispute Plaintiff's Title.*—Where defendants in a suit for possession and to quiet title entered on the land in dispute under a claim of ownership and under the belief that the title was in themselves, the general rule, that a tenant is estopped while in possession to deny the landlord's title, could not be invoked against them. p. 292.

6.  NEW TRIAL.—*New Trial as of Right.*—In an action for possession and to quiet title, in which the occupants of the land also sought specific performance of a contract entered into between the parties, a new trial as of right was properly denied. p. 293.

From Sullivan Circuit Court; *Wm. H. Bridwell*, Judge.

Action between Ida Tuell and George Homann and another. From the judgment rendered, Ida Tuell appeals. *Affirmed.*

*John W. Lindley*, for appellant.

*Charles D. Hunt* and *Gilbert W. Gambill*, for appellee.

IBACH, J.—On September 19, 1911, appellant filed her suit against appellee George Homann to recover from him certain lands occupied by him in Sullivan County, Indiana, and to quiet her title thereto. Appellee George Homann filed his answer in general denial, also a cross-complaint for specific performance. Appellant then filed answers of gen-

eral denial to the cross-complaint. On September 18, 1911, appellees had filed their suit against appellant and her husband for the specific performance of a contract entered into by all the parties wherein it is averred that appellant agreed to furnish $1,000 and the appellees any necessary remaining sum, all of which was to be used for purchasing a home for appellees on certain conditions which were to be performed by appellees, but when the purchase was concluded, the paper title to the lands so purchased was taken in the name of appellant in violation of her said agreement. The prayer was that the land in controversy be ordered conveyed to appellees by appellant and her husband, or upon their refusal so to do, that a commissioner be appointed to make such conveyance. Summons was not issued in this cause, however, until October 2, 1911. Later appellant and her husband filed answer in general denial to the complaint, and appellant alone filed her cross-complaint in which was averred substantially the facts alleged in her original complaint. An answer of general denial on the part of appellees closed the issues, and by order of the Sullivan Circuit Court both causes were consolidated and were tried by the court, a special finding of facts made, and conclusions of law stated thereon. Judgment was rendered on the conclusions of law in favor of appellees and that appellant execute to appellees a good and sufficient deed of conveyance for the lands in controversy, within thirty days and upon her failure so to do that the commissioner appointed execute the same, and the court further found for Robert S. Tuell and gave judgment against appellees for his costs. Appellant excepted to each conclusion of law separately and severally.

Each of appellant's first three assignments of error challenges the sufficiency of each paragraph of

appellees' complaint, and cross-complaint, and since the material averments in each are the same, they may be considered together. These pleadings are challenged for the first time by a motion in arrest of judgment, and when so questioned they will be sustained if facts are averred therein sufficient to authorize the rendition of a valid judgment thereon. The rule has often been stated substantially as follows: Before the motion in arrest of judgment can prevail, some material averment essential to the cause of action must be entirely omitted from the complaint or cross-complaint, as the case may be. *Alexander* v. *Alexander* (1894), 140 Ind. 555, 38 N. E. 855; *Coulter* v. *Bradley* (1903), 30 Ind. App. 421, 66 N. E. 184.

It will be unnecessary to set out the averments of the pleadings assailed, or to discuss them independently, as a consideration of the special finding of facts and conclusions of law, with proper exceptions thereto, will necessarily determine the same questions. *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531, 96 N. E. 331; *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202, 205, 61 N. E. 939. Briefly stated, the facts found by the court are as follows: Ida Tuell is the mother of Bessie J. Homann, and in May, 1904, Ida married Robert S. Tuell, and at that time all the parties were living in the state of Illinois. In November, 1904, George W. Homann married said Bessie, and in the latter part of that year Mr. and Mrs. Tuell moved to Sullivan County, Indiana, where they have since resided. Before moving to Indiana, appellant entreated her daughter to move with her and also live in Indiana, and importuned both her daughter and George Homann, her daughter's husband, to dispose of their farm and home in Illinois, and locate near her in Indiana, and promised that on condition

they would leave their home and 40-acre farm and join her in Indiana, she would furnish $1,000 to be put in land in Sullivan County, Indiana, to be their property, and would have the deed of conveyance made to them. Pursuant to such proposition the Homanns came to Sullivan County, Indiana, and George Homann and Robert S. Tuell, acting on the instructions of appellant, selected a tract of land, and it was then agreed that this land should be purchased for $1,100, appellant agreeing to .pay $1,000 on the purchase price, and George Homann agreeing to pay the balance. This land is the north half of the southwest quarter of the northwest quarter of section 33, township 6 north, of range 9 west, in Sullivan County, Indiana. After the land was selected, the Homanns returned to Illinois, sold their real estate and part of their personal property, and in February, 1905, moved to Indiana, and took possession of the real estate in suit, at the request of appellant and pursuant to their agreement, and have resided on it ever since, and have made lasting and valuable improvements thereon, including the building of a barn, with the full knowledge and consent of appellant. While the Homanns were in Illinois appellant had paid $1,100 for the land, $1,000 furnished by herself, and $100 by the Homanns, and procured a deed to the same to be made to herself, rather than the Homanns, without their knowledge and consent. When they took possession of the land, appellees understood and believed that the deed of conveyance was made to them as grantees and when they learned that appellant had been named as grantee, they were informed by her and given to understand that the real estate did in fact belong to them, and she allowed and permitted them to make valuable and lasting improvements there-

on, with the full understanding and belief on their part that the said real estate did belong to them. On September 17, 1911, appellant brought suit against George Homann for possession, and before bringing the suit, she repudiated the contract and served notice on him to vacate. The deed to appellant was made on February 5, 1905, and recorded on February 16, 1905. The Homanns learned for the first time in March, 1905, that the title to the land had been taken in the name of appellant, and they knew this when the improvements mentioned were made, and believed when making them that she would eventually convey the land to them, and that the same was to be considered by them as their own as much as if they had the deed therefor. Appellant paid the taxes each year subsequent to the purchase, and George repaid to her the portion paid by her for the year 1906, but failed to repay her for any taxes paid thereafter, on account of the fact that a dispute had arisen between them, and because she refused to give him a receipt for any money paid her to reimburse her. No money except the $100 as part of the purchase price for the land was ever paid by the Homanns, and none was demanded until the year 1909, when appellant through her attorney demanded rent for the land, to be paid by two-fifths of all the crops grown thereon. In 1910 the Homanns paid her $10, and about 120 bushels of corn raised on the land, which was about half of the crop of corn raised there the previous year, and in the fall of 1910 Bessie Homann notified appellant that there was $25 more for her, which she refused to accept, demanding payment of all she claimed for the year, and not a part. In the year 1910 George Homann raised $208 worth of melons and 360 bushels of corn on the land, and the rental value of the land was $125 per year during the time

the Homanns occupied it. On May 29, 1910, appellant caused to be given the Homanns a ten-day written notice to pay rent or deliver up possession of the land, a copy of which notice is made a part of the finding. Appellant has never conveyed the land in suit but still holds the deed for the same. Upon the facts found the court stated as its conclusions of law thereon that the law was with the Homanns, that they were the owners of and entitled to the possession of the land, that appellant should execute to them a good and sufficient deed for the lands, or on her failure to do so the commissioner appointed should do so and judgment was rendered on the conclusions, as heretofore stated.

When appellant excepted to the conclusions of law, she thereby admitted that the facts were correctly found, for the purpose of the exception. But, admitting the correctness of this rule, she insists that the court erred in its conclusions of law because the special findings show that at all times appellant was a married woman, and the contract sought to be specifically enforced was in parol and therefore the court could not compel its performance. She insists her position is correct on the authority of *Percifield* v. *Black* (1892), 132 Ind. 384, 31 N. E. 955. In that case the complaint showed that the contract for the sale of the wife's lands was not in writing but parol and executory, and it was then very properly held that under our statutes such a contract could not be enforced. But the facts of that case are clearly distinguished from the present. In the case at bar the theory seems to be and the findings of the court show that the agreement relied on did not relate to the conveyance of real estate owned by appellant at the time of the agreement, but related to the furnishing of money which

with the amount furnished by appellees was to be used for the purchase of lands for appellees, that such agreement was based on a promise of full payment and compliance therewith, in that they had disposed of their property and business in Illinois, and had removed to Indiana at the request of appellant, and that they had performed fully their part of the agreement; and therefore the full consideration for the lands so purchased was in fact paid by appellees, that they were put in possession of the lands by appellant under the contract, and that appellant after such full consideration had been paid by appellees, repudiated the contract. It is declared by statute in this State that a married woman has full control of her personal property, and she may make a contract binding on her with reference thereto, the same as a *feme sole.* §7853 Burns 1914, §5117 R. S. 1881. So that as the $1,000 which it was agreed would become a part of the purchase price for land for appellees was the property of appellant, she had full control over it and had a perfect legal right to use it for such purpose, and when it was so used in compliance with her agreement which induced appellees to move to Indiana, the equitable title to the lands partly purchased therewith has been in appellees from the time the deed of conveyance was made to appellant, and equity will interpose for the purpose of placing the record title in them as against appellant, whose duty it was in the first instance, upon all the facts of the case, to have had the deed executed in their names.

Under the facts of this case, appellant can not insist upon the application of the general rule that a tenant is estopped while in possession of the lands to deny the landlord's title. The findings clearly show that appellees entered into

possession of the land under claim of ownership, and upon the belief that the title was in them, and did not discover that the deed of conveyance had not been executed to them until after possession had been taken. By the filing of her suit against appellees to quiet her title to the land appellant was the one who put the title in issue, and as is said in the case of *Stevenson* v. *Rogers* (1910), 103 Tex. 169, 125 S. W. 1, Ann. Cas. 1912D 99, 29 L. R. A. (N. S.) 85, "When, however, as in this case, the suit is to recover possession and to establish the title of the plaintiffs, whereby the title of the tenant would be destroyed, the latter may defend by showing a superior title in himself. * * * when it is the purpose of the suit * * * to establish title * * * , where the decree sought would not only give possession of the land but by estoppel settle the title to it, the rule does not apply." See, also, *Jochen* v. *Tibbells* (1883), 50 Mich. 33, 14 N. W. 690; *McKie* v. *Anderson* (1890), 78 Tex. 207, 14 S. W. 576; *Hebden* v. *Bina* (1908), 17 N. Dak. 235, 116 N. W. 85, 138 Am. St. 700; *Hamill* v. *Jalonick* (1895), 3 Okl. 223, 41 Pac. 139; *Croacher* v *Oesting* (1887), 143 Mass. 195, 9 N. E. 532; *Van Winkle* v. *Hinckle* (1863), 21 Cal. 342.

The court did not err in refusing appellant a new trial as of right. It has been held repeatedly that a new trial is not demandable in an action for specific performance. *Schlichter* v. *Taylor* (1903), 31 Ind. App. 164, 67 N. E. 556; *Fralich* v. *Moore* (1890), 123 Ind. 75, 24 N. E. 232; 29 Cyc 1036. Also, if two causes are tried in the same case, in one of which a new trial as of right may be granted, and in the other a new trial as of right is not demandable, a new trial as of right will be denied. *Nesbit* v. *English* (1915), 58 Ind. App. 10, 107 N. E. 552; *Wilson* v. *Brookshire* (1891), 126

Ind. 497, 25 N. E. 131, 9 L. R. A. 792; *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 50 N. E. 748.

The rulings of the court on the admission of certain evidence are complained of, but in view of the position taken by us as to the theory on which the case was tried, we think such rulings were not prejudicial to appellant.

We are satisfied that the merits of the cause have been fairly tried and determined, and a correct conclusion reached. Judgment affirmed.

NOTE.—Reported in 108 N. E. 596. As to estoppel of tenant, see 89 Am. St. 64. For a discussion of estoppel of a tenant in possession prior to the lease to deny the landlord's title, see Ann. Cas. 1913 A 1069. See, also, under (1) 23 Cyc 827, 31 Cyc 82; (3) 38 Cyc 1992; (4) 20 Cyc 238; 21 Cyc 1172; (5) 24 Cyc 937.