HAYNES *v.* SWITZER REAL ESTATE CORPORATION.

[No. 14,873.   Filed May 28, 1935.]

*L. D. Hall,* for appellant.

*Harmon & Wider,* and *Mehl & Mehl,* for appellee.

DUDINE, C. J.—Appellee instituted this cause of action against appellant. The complaint alleged that appellant entered into a written lease agreement with V. W. Switzer as trustee of Haynes Realty Company, a corporation, whereby appellant rented certain rooms in the "Haynes Building" then owned by said Haynes Realty Company, (the lease was dated August 1, 1928 and the term thereof was from August 1, 1928, to August 1, 1931). The complaint further alleged that V. W. Switzer, at the time of the execution of said lease was "acting as trustee of said corporation (Haynes Realty Company) in the renting of said building and in the handling of its rents and income therefrom;" that later said Haynes Realty Company was placed in the hands of a receiver by order of the Elkhart Circuit Court, and said building was sold to one George W. Switzer, who later conveyed all his rights, title, and interest in and to said real estate to the plaintiff (appellee) herein; and that title to said real estate now rests in the plaintiff (appellee, a corporation).

The complaint further alleged the failure of appellant to pay rent as was provided in said lease, and that appellant was unlawfully withholding possession from appellee; and it prayed a judgment for possession of the premises, and for damages.

The cause was submitted for trial upon issues presented by the complaint, an answer in general denial, an amended third paragraph of answer, and a reply in two paragraphs to the amended third paragraph of answer.

The amended third paragraph of answer admitted the execution of said lease, that appellant had occupied said premises, that he had paid stipulated rent to said Haynes Realty Company, its agents, and receiver, but it alleged that he "at all times denied that the plaintiff (appellee corporation) and its grantor, George W.

Switzer, had any right thereto and refused to pay and did not pay to . . . (them) . . . any rent therefor." It further alleged that he (appellant) and others, including said George W. Switzer, on November 14, 1928, were owners and holders of trust notes and mortgage bonds executed by said Haynes Realty Company, which were secured by mortgages and trust deeds covering said Haynes Building, that the holders of said trust notes and mortgage bonds were then the owners of the capital stock of said Haynes Realty Company, that the purchase of said building by George W. Switzer at the receiver sale was fraudulent as against appellant, that the officers of appellee corporation, at the time it accepted the deed from George W. Switzer, knew of said fraud, and by reason of such knowledge appellee corporation "does not own the said Haynes Building, but only holds the same in trust for this defendant" (appellant) and others similarly situated.

The amended third paragraph of answer prayed "judgment that he (appellant) recover his costs and for all other proper relief."

The first paragraph of reply was a general denial. In the second paragraph of reply appellee alleged that the matters set forth in the amended third paragraph of answer had been finally adjudicated in another cause.

Appellee moved the court that the issues presented by the third amended paragraph of answer and the reply thereto be tried by the court without a jury, and the court sustained the motion.

Thereupon appellant filed a request for a trial by jury of all the issues presented by all the pleadings. The court granted the request as to the issues formed by the complaint and answer in general denial, but denied it as to the issues formed by the amended third

paragraph of answer and the reply thereto, reserving an exception of appellant.

The cause was submitted to the court and jury in accordance with the court's said ruling. The jury returned a verdict that appellee was entitled to possession of the premises and damages against appellant in the sum of $1,435.00. The court found for appellee "on such amended third paragraph of answer (that) the defendant take nothing thereon." Judgment was rendered on the jury's verdict and the court's finding, in accordance therewith.

Appellant duly filed a motion for new trial which was overruled. He assigns two specifications of error, one of which is the overruling of said motion for new trial. The other specification of error is presented under the motion for new trial.

The first ground for new trial set forth in the motion therefor is error in refusing to submit all the issues to the jury.

Appellant contends in his brief that the amended third paragraph of answer was an argumentative denial, and that it does not present any issues which could not have been proven under the general denial, and that all the issues presented were triable by jury.

Appellee contends that the amended third paragraph of answer is more than an argumentative denial, that it seeks to set up a trust.

Although said pleading alleges ownership of the property by appellee's grantor as a trustee only, said pleading in legal effect merely denies the allegations of the complaint, particularly the allegations that a tenancy existed between the parties. *Heston* v. *Dougan* (1912), 52 Ind. App. 40, 96 N. E. 614.

Appellee argues that this being an action for

possession by a landlord against a tenant, the tenant (appellant) can not attack the landlord's (appellee's) title.

We recognize the principle of law argued by appellee, but "to give rise to the estoppel of a tenant to deny his landlord's title it must first be shown that the relation of landlord and tenant *in fact* (our italics) existed between the parties and regards the land in question." 16 R. C. L. 649.

If the tenant admits that the relation of landlord and tenant exists between the parties, he is estopped from attacking his landlord's title in a suit for possession instituted by the landlord against the tenant, but the rule does not apply where, as in this case, the defendant denies that the relation of landlord and tenant ever existed between the parties.

Appellant sets forth, as specifications for new trial, the rejection of certain evidence, and refers to said specifications under points, propositions and authorities in his brief, but said specifications for new trial are not "separately considered" or discussed in appellant's brief as is required by Paragraph six, Rule twenty-one (formerly Paragraph five, Rule twenty-two) of this court, and we therefore hold that no questions, as to said specifications for new trial are presented for review by this court.

Appellant states other contentions under points, propositions and authorities, but makes no application of said contentions to any particular specification of the motion for new trial, and we can not determine from said statements which specifications of the motion for new trial appellant intended thereby to support, and therefore we hold that no questions are presented by said statements. (Rule twenty-one, Paragraph six.)

On account of the error in denying appellant's request

for a jury trial as to the issues formed by the amended third paragraph of answer, the judgment is reversed, with instructions that the trial court sustain appellant's motion for new trial, and for further proceedings not inconsistent with this opinion.

Kime, J., concurs with opinion.

## CONCURRING OPINION.

KIME, J.—I concur in the result reached herein for the following reasons:

The appellant contends that whether this is a suit in ejectment or a statutory action for the recovery of the possession of real property, he is entitled to a trial by jury on all the issues raised therein and the appellee contends that as to the issues formed by the third paragraph of answer and replies thereto that there was raised an equitable question as to whether or not there is a trust involved contending that such answer and replies thereto presented such a situation as only a court of equity could determine.

The sole question presented here is whether or not the appellant was entitled to a trial by jury on all the issues raised by the pleadings, when such jury was properly requested. The lower court evidently proceeded upon the theory that the third paragraph of answer and replies thereto raised the question of whether or not there was a constructive trust, while it entirely overlooked the possibility or probability of there being a resulting trust involved. Under the acts of 1852, the same being §§13442 to 13449, inclusive, Burns Revised Statutes, 1926, §§14734 to 14741, Baldwin's 1934, and §§56-601 to 56-608, Burns 1933, the legislature saw fit to take from the jurisdiction of equity and incorporate into the law and make part of our statutes the things necessary to constitute a resulting trust. Section 13449

*supra,* specifically provides that the provisions of §13448 shall not extend to "cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid." Thus under the express statutory law a resulting trust arises if the alienee has taken an absolute conveyance in his own name without the consent of the person furnishing the money. *Scott* v. *Dilley, et al.* (1913), 53 Ind. App. 100, 105, 101 N. E. 313. It is, therefore, clear that under the statute law there was a resulting trust in the case at bar and the jury should have determined whether or not the conveyance was taken in the name of the alienee when the money was furnished by others. This is a question of fact which under the theory of jury trials could have been tried better by the jury than by the court. After the jury had determined whether or not there resulted a trust the court could then apply to the facts so found the law applicable thereto. Whether or not the alienee took the conveyance in his own name with money furnished by others is strictly a question of fact and questions of fact in such statutory actions as we have here should always be tried by a jury where there is a proper request made for such jury.

A resulting trust in Indiana, under our statute, arises by operation of law. The legislature has said in express and specific language what is necessary to raise a resulting trust and since such is the situation there is no occasion to call into action the equity side of the court. It is probably true that the equity principle was responsible for the passage of the act but after it became the law, in a statutory action under our code, (where there has been an attempt to do away with separate equity and law courts and combine them into one) and where a jury has already been called and is sitting, there is no need of applying equity as we

think of it in a separate sense. All there is for such court to do is to apply the statutory law to the facts as found by the jury. *Toney* v. *Wendling et al.* (1894), 138 Ind. 228, 37 N. E. 598; *Martin* v. *Martin et al.* (1888), 118 Ind. 227, 236, 20 N. E. 763; *Koehler et al.* v. *Koehler* (1920), 75 Ind. App. 510, 121 N. E. 450; *Puterbaugh* v. *Puterbaugh* (1891), 131 Ind. 288, 30 N. E. 519; *Heston* v. *Dougan* (1912), 52 Ind. App. 40, 96 N. E. 614.

As has been said many times by the courts and authors a resulting trust arises "out of the accompanying facts and circumstances—out of the conduct of the parties." Thus where a jury has been requested and has a statutory definition before it it is competent to and should be the judge of the facts and circumstances in the conduct of the parties and determine whether or not such conduct conforms to the statutory definition.