ST. GERMAIN ET AL. *v.* SEARS, ROEBUCK AND COMPANY.

[No. 16,853.   Filed October 21, 1942.   Rehearing denied December 2, 1942.]

*Oscar B. Thiel*, of Gary, for appellants.
*Steward & Steward*, of Gary, for appellee.

BEDWELL, J.—The appellee, Sears, Roebuck & Co., brought an action in ejectment against the appellants, Ernest St. Germain and Cecelia St. Germain, to recover possession of a lot in the Town of East Gary, Indiana, and damages for the alleged unlawful detention thereof. There was a trial by jury which returned a verdict for appellee, and appellants have appealed from the judgment thereon. They are relying for reversal upon the overruling of their motion for a new trial.

They first attack the sufficiency of the evidence to sustain the verdict. Without conflict, the evidence disclosed that appellants held possession of the real estate in controversy under the terms of a written lease agreement executed by appellee, as lessor, to appellants, as lessees, on January 25, 1940. Such instrument provided that the real estate in question be leased for a term of one month, beginning on the 8th day of February, 1940, and ending on the 7th day of March, 1940, at a rental of $25 per month, payable in advance on the 8th day of each month of the tenancy thereby created, at such place in the City of Chicago, Illinois, as the lessor might in writing appoint, and until such appointment at 924 South Homan avenue in Chicago. It further provided, and the lessees agreed, that at the termination of the lease, by lapse of time or otherwise, that they would yield up to the lessor the immediate possession of the premises without notice or demand, and that upon failure of the lessees to pay the rent when and where due according to the terms of the lease, or upon default of any of the covenants, conditions, or agreements to be kept or performed by the lessees, that the lease and the tenancy created thereby should terminate without notice or demand by the lessor. Following such provisions, the lease contained a paragraph

concerning the extension or renewal of the term thereof, a portion of which paragraph was as follows:

"The within lease is expressly made upon the condition that should the lessee herein hold over with the consent of lessor after expiration of the term hereof or in renewal thereof, such holding over or repeated holding over shall constitute a renewal hereof for a term of like duration, that is to say, from calendar month to calendar month, and upon like terms and conditions as herein expressed. . . . The party of the second part will vacate the premises described in this lease upon receiving thirty days written notice from the party of the first part so to do. Party of the second part agrees to give to party of the first part thirty days written notice before vacating the premises described in this lease."

The appellants entered into possession of the premises under the terms of the lease and paid in advance the rental for the period from February 8, 1940, to March 7, 1940, but failed to pay or tender any rental thereafter. On March 11, 1940, appellee instituted its action to recover possession of the leased real estate and damages for the detention thereof. No written notice was served upon appellants, and appellee contends that it was legally entitled to the possession of the real estate because the term thereof had expired, because it had never consented to an extension or renewal of the term for another month, and because appellants had failed to pay in advance the monthly rental of $25 essential to an extension or renewal of the term for an additional month.

The appellants are contending that the terms of the lease were conflicting, and that despite default in payment in advance of the monthly rental that they were entitled to a thirty days notice before the lease could be terminated. We feel that the con-

tention is without merit. If the lease had been renewed by the lessees holding over with the consent of the lessor, and the lessees had paid the rental at the time and place as provided for by the lease, and had complied with all the other terms and conditions of the lease to be performed by lessees, then they would have been entitled to a thirty days notice to terminate their tenancy. But where, as here, the term of the lease had expired, and there is no evidence that it had been renewed or extended with the consent of the lessor, and the lessees had defaulted in the payment in advance of the rental, there remains no basis for appellants' contention that they were entitled to thirty days written notice before their rights under the lease could be terminated.

Appellants claim that the evidence was insufficient because it showed no demand by appellee before the institution of the action. The lease eliminated the necessity of demand and it is specifically provided by statute that where the landlord agrees with the tenant to rent the premises to him for a specified period of time, or where the time for the termination of the tenancy is specified in the contract, or where by the express terms of the contract the rent is to be paid in advance, and the tenant has entered and refuses or neglects to pay the rent, that no notice to quit shall be necessary. § 3-1620, Burns' 1933.

Appellants also attack the validity of the verdict on the ground that the relation of landlord and tenant was shown to exist and that ejectment is not a proper action by a landlord to recover possession of real estate. There is no legal basis for such contention. Our statute concerning ejectment provides that, any person having a valid subsisting interest in

real estate and a right to the possession thereof may recover the same by action to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein. § 3-1301, Burns' 1933; see *Karas* v. *Skouras* (1922), 79 Ind. App. 99, 137 N. E. 289.

Appellants also attack the action of the trial court in giving to the jury appellee's tendered Instruction No. 7. Such instruction informed the jury that its verdict should be for the plaintiff if it found from a fair preponderance of the evidence that the defendants leased the premises in controversy from the plaintiff for one month, or a longer period, at a monthly rental of $25, payable in advance, and the defendants failed to pay the rent for the premises in advance. The objection thereto is that the instruction contained no requirement that the jury find that the plaintiff was the owner in fee simple of the real estate. By Instruction No. 4, tendered by appellants and given by the court, the jury was advised that the plaintiff must establish that it had title to the property and if it failed to establish title to the satisfaction of the jury by a preponderance of the evidence, that its verdict must be for the defendants.

In an action of ejectment where the plaintiff has shown that the defendant was his tenant, or derived title through his tenant, the defendant will not ordinarily be permitted to controvert the plaintiff's title by showing a better title either in himself or in some third person. *Heston* v. *Dougan* (1912), 52 Ind. App. 40, 96 N. E. 614; *Haynes* v. *Switzer Real Estate Corp.* (1935), 100 Ind. App. 410, 196 N. E. 133; *Russell* v. *Trustees of Purdue University* (1931), 93 Ind. App. 242, 178 N. E. 180.

It is a familiar doctrine that a lessee entering into possession under a lease is estopped, while retaining possession, to deny his landlord's title. It was said by the United States Supreme Court in an opinion by Chief Justice Marshall in *Blight* v. *Rochester* (1822), 7 Wheat. 535, 547, 5 L. Ed. 516:

"The title of the lessee is, in fact, the title of the lessor; he comes in by virtue of it, holds by virtue of it, and rests upon it, to maintain and justify his possession. He professes to have no independent right in himself, and it is a part of the very essence of the contract under which he claims, that the paramount ownership of the lessor shall be acknowledged, during the continuance of the lease, and that possession shall be surrendered at its expiration. He cannot be allowed to controvert the title of the lessor, without disparaging his own, and he cannot set up the title of another, without violating that contract by which he obtained and holds possession; and breaking that faith which he has pledged, and the obligation of which is still continuing, and in full operation."

See, also, *Pence* v. *Williams* (1895), 14 Ind. App. 86, 42 N. E. 494; *Riverside Coal Co.* v. *No. Indianapolis, etc., Works* (1924), 194 Ind. 176, 139 N. E. 674, 142 N. E. 377.

So in an action of ejectment which is prosecuted by landlord against his tenant merely to recover the possession of real estate, and not as an action to establish title, the tenant who entered and is in possession as a result of a contract between him and his landlord, is estopped while continuing in possession to dispute the title of his landlord, and the landlord is entitled to recover without producing further proof of his title than the fact that the defendant is his tenant and that he entered into and continues in possession under and by virtue of a lease from the plaintiff. *Robertson* v. *Pickrell* (1883), 109 U. S. 608, 27

L. Ed. 1049, 3 S. Ct. 407; 18 Am. Jur., Ejectment, § 30, p. 32, cases under Note 17. For applicable rule when title is involved see *Tuell* v. *Homann* (1915), 60 Ind. App. 285, 293, 108 N. E. 596.

But here there was no dispute or conflict in the evidence concerning appellee's title to the real estate in question. Not only did the evidence establish that the appellants entered and were in possession, and were claiming the right to possession under a written lease from appellee, as its tenants, but the evidence also established that the appellee had legal title to the real estate under and by virtue of mortgage foreclosure proceedings and a sheriff's deed, and there was no proof of any conflicting title.

A mandatory instruction which omits an essential, proven, uncontroverted fact, is not prejudicial to substantial rights and the giving thereof is not ■ reversible error. *Kraning* v. *Taggart* (1936), 103 Ind. App. 62, 71, 1 N. E. (2d) 689.

The appellants contend that the court erred in refusing to give to the jury certain tendered instructions.

These tendered instructions contained legal contentions of appellants which we have heretofore ■ held to be without merit, but there was no error in refusing to give the same for the reason that they were not signed by appellants or their counsel.

It is not error to refuse to give instructions that are not signed, even though the request that the same be given is signed. *Forker* v. *Berkes* (1941), 111 Ind. App. 92, 38 N. E. (2d) 296, 300.

The judgment is affirmed.

NOTE.—Reported in 44 N. E. (2d) 216.