BRENNAN *v.* REYDELL.

[No. 19,679. Filed February 4, 1963.]

*Philip S. Cooper, Busby, Davisson, Cooper & Farr,* of Anderson, *Scott Ging,* and *Lafuze, Ging & Graber,* of Indianapolis, for appellant.

*Harold J. Anderson* and *Schrenker & Anderson,* of Anderson, for appellee.

COOPER, C. J.—This appeal is from a proceeding in the Superior Court of Madison County, Indiana, wherein the appellee, Louise Reydell, filed a cause of action against John J. Brennan, appellant herein, alleging, in substance, that the said appellee had orally leased certain real estate situated in Madison County, Indiana, to appellant for the term of one month, and from month to month thereafter until terminated; that appellee had demanded possession of said real estate from appellant; that appellant had failed and refused to deliver possession of said real estate to appellee, as demanded, and prayed for a judgment in favor of appellee for possession of said real estate and for damages.

It appears from all the pleadings in the record that the real issue before the trial court was the appellee's right to possession of the real estate described in her complaint.

The record reveals that after submission to the court without the intervention of a jury, the trial court found for and entered judgment for the appellee upon her complaint. Within the proper time, the appellant filed his motion for a new trial, which, in due course, was overruled.

The assigned error before us is, "The Court erred in overruling Appellant's Motion for a new trial."

Under the rules of the Supreme Court of Indiana and the law interpreting said rules, it appears from the appellant's brief that the appellant has properly submitted the following points for our consideration:

1. Did the trial court err in refusing the appellant's motion to consolidate this cause with others pending in the same court?

2. Was there sufficient evidence of probative value introduced to warrant the trial court's decision; and lastly,

3. Was the decision of the trial court contrary to law?

In reviewing Rule 1-4A, subsection (a) of the Supreme Court relating to the consolidation of causes, we find the following provision:

"(a) Consolidation. When actions (other than criminal) involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; *and it may make such orders* concerning proceedings therein as may tend to avoid unnecessary costs or delay."
(Our emphasis)

Therefore, it appears that generally a consolidation of causes of action cannot be successfully demanded as a matter of right, but is to be granted or ■ denied in the discretion of the trial court, and such ruling is not cause for reversal unless such discretion is manifestly abused. *Trook* v. *Crouch* (1923) (T. D. 1924), 82 Ind. App. 309, 137 N. E. 773. See also, *Trusler* v. *Galambos et al.* (1958), 238 Ind. 195, 200, 149 N. E. 2d 550, and *Roark, Holcomb* v. *State* (1955), 234 Ind. 615, 130 N. E. 2d 326; §1411, Comment 5, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice.

We find in the case of *New York Cent. R. Co.* v. *Pinnell, Admx.* (1942) (T. D.), 112 Ind. App. 116, 40 N. E. 2d 988, the following definition of the word, "discretion":

> "In the case of *Langnes* v. *Green* (1931), 282 U. S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520, 526, the Supreme Court of the United States uses the following language in defining 'discretion':
>
> > " 'The term 'discretion' denotes the absence of a hard and fast rule. *The Styria* v. *Morgan*, 186, U. S. 1, 9. When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.' "

We, under the foregoing authorities, cannot say, as a matter of law, that the trial court abused its discretion in this case.

In reviewing the evidence contained in the record, it appears there is some conflict therein. It is the

well-established rule that the weight of the evidence, the credibility of the witnesses are for the trial court and not the appellate tribunal to determine, and where such evidence is conflicting, this court will only consider the evidence most favorable to the party in whose favor the judgment was entered. Sec. 2786, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice, and authorities cited therein.

We are of the opinion that the trial court's decision was supported with sufficient evidence of probative value.

The appellant lastly maintains that the decision is contrary to law because the trial court erred in not permitting the appellant to show that the appellee's claim to the ownership of the real estate in question was not without contradiction and was imperfect and that such showing was necessary to a complete defense of the action brought by the appellee.

It appears that the complaint herein affirmatively avers the relationship of landlord and tenant and that it was a possessory action only as the relief sought was a judgment for possession and damages for the failure to pay rent.

In the case of *Adams* v. *Holcomb* (1948), 226 Ind. 67, 77 N. E. 2d 891, cited by the appellant, at p. 73, we find the following pertinent statement:

". . . where the action is brought by a landlord against his tenant merely to recover possession of the real estate the tenant is estopped while continuing in possession, to dispute the title of his landlord, and the landlord is entitled to recover without further proof of his title than the fact that the defendant is his tenant in possession as such. Warvelle, Ejectment §236. Of course this rule as to estoppel does not apply when the purpose

of the suit is to establish title, or where the decree sought would not only give possession of the land but by estoppel settle the title to it. *Tuell* v. *Homann* (1915), 60 Ind. App. 285, 108 N. E. 596. See 89 A. L. R. 1295 Note."

And, in the case of *St. Germain* v. *Sears, Roebuck & Co.* (1942), 112 Ind. App. 412, at 417, 44 N. E. 2d 216, this court said:

"In an action of ejectment where the plantiff has shown that the defendant was his tenant, or derived title through his tenant, the defendant will not ordinarily be permitted to controvert the plaintiff's title by showing a better title either in himself or in some third person. *Heston* v. *Dougan* (1912), 52 Ind. App. 40, 96 N. E. 614; *Haynes* v. *Switzer Real Estate Corp.* (1935), 100 Ind. App. 410, 196 N. E. 133; *Russell* v. *Trustees of Purdue University* (1931), 93 Ind. App. 242, 178 N. E. 180.

"It is a familiar doctrine that a lessee entering into possession under a lease is estopped, while retaining possession, to deny his landlord's title. It was said by the United States Supreme Court in an opinion by Chief Justice Marshall in *Blight* v. *Rochester* (1822), 7 Wheat. 535, 547, 5 L. Ed. 516:

" 'The title of the lessee is, in fact, the title of the lessor; he comes in by virtue of it, holds by virtue of it, and rests upon it, to maintain and justify his possession. He professes to have no independent right in himself, and it is a part of the very essence of the contract under which he claims, that the paramount ownership of the lessor shall be acknowledged, during the continuance of the lease, and that possession shall be surrendered at its expiration. He cannot be allowed to controvert the title of the lessor, without disparaging his own, and he cannot set up the title of another, without violating that contract by which he obtained and holds possession; and breaking that faith which he

has pledged, and the obligation of which is still continuing, and in full operation.'

"See, also, *Pence* v. *Williams* (1895), 14 Ind. App. 86, 42 N. E. 494; *Riverside Coal Co.* v. *No. Indianapolis, etc., Works* (1924), 194 Ind. 176, 139 N. E. 674, 142 N. E. 377.

"So in an action of ejectment which is prosecuted by landlord against his tenant merely to recover the possession of real estate, and not as an action to establish title, the tenant who entered and is in possession as a result of a contract between him and his landlord, is estopped while continuing in possession to dispute tht title of his landlord, and the landlord is entitled to recover without producing further proof of his title than the fact that the defendant is his tenant and that he entered into and continues in possession under and by virtue of a lease from the plaintiff. *Robertson* v. *Pickrell* (1883), 109 U. S. 608, 27 L. Ed. 1049, 3 S. Ct. 407; 18 Am. Jur., Ejectment, §30, p. 32, cases under Note. 17. For applicable rule when title is involved see *Tuell* v. *Homann* (1915), 60 Ind. App. 285, 293, 108 N. E. 596."

We have examined and reviewed all of the cases cited by the appellant, and note each, except the case of *Adams* v. *Holcomb, supra,* involves the question of ownership of the land or title involved, which, of course, was not involved in these proceedings in the trial court.

We have also examined the case of *Haynes* v. *Switzer Real Estate Corp.* (1935), 100 Ind. App. 410, 196 N. E. 133, the additional authority cited by the appellant, and are of the opinion that it does not apply in the case at bar because in the Haynes case, *supra,* it appears there was an affirmative answer involved which we do not have in this cause.

By what we have heretofore stated, we do not believe the trial court erred in refusing to admit the evidence complained of by the appellant, and, there-

fore, the decision is not contrary to law. No reversible error being properly shown to us by the appellant, the decision and/or judgment of the Madison Superior Court is affirmed.

Carson, Clements, and Ryan, JJ., concur.

NOTE.—Reported in 187 N. E. 2d 492.